J-S21035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TROY GIBSON, | |
| Appellee | No. 2675 EDA 2014 |

Appeal from the Judgment of Sentence September 2, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0002594-2014

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                   **FILED APRIL 06, 2015**

The Commonwealth appeals from the judgment of sentence imposed after Appellee, Troy Gibson, pleaded guilty pursuant to an open plea to three counts of criminal conspiracy and one count each of knowing and intentional/simple possession of a controlled substance, possession with intent to deliver a controlled substance (PWID), and possession of drug paraphernalia.[1]  We affirm.

On September 2, 2014, Appellee pleaded guilty to the above crimes and stipulated that he possessed 2.09 grams of heroin with the intent to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903 and 35 P.S. §§ 780-113(a)(16), (a)(30), and (a)(32), respectively.

distribute. The Commonwealth requested that the court impose the mandatory minimum sentence pursuant to 18 Pa.C.S.A. § 7508(a)(7)(i) on the charge of PWID. The trial court denied the Commonwealth's request pursuant to this Court's holding in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). (**See** N.T. Guilty Plea and Sentencing, 9/02/14, at 12). It sentenced Appellee to a standard range term of not less than eight nor more than sixteen months' incarceration on the charge of PWID, and to concurrent terms of not less than eight nor more than sixteen months' incarceration on the charge of conspiracy to commit PWID, and not less than six nor more than twelve months' incarceration on the charge of possession of drug paraphernalia.[2] (**See id.** at 12-14). The Commonwealth timely appealed.[3]

The Commonwealth raises one question for our review: "Did the trial court erroneously fail to apply the two-year mandatory minimum for commission of [the] offense [of PWID]?" (Commonwealth's Brief, at 5). Specifically, the Commonwealth claims that, because Appellee waived his right to a jury trial when he entered a guilty plea, and admitted to

---

[2] The conviction for knowing and intentional possession merged for sentencing purposes.

[3] Pursuant to the court's order, the Commonwealth filed a timely Rule 1925(b) statement of errors complained of on appeal on October 6, 2014. **See** Pa.R.A.P. 1925(b). The trial court filed an opinion on October 31, 2014. **See** Pa.R.A.P. 1925(a).

possessing more than two grams of heroin with the intent to distribute, the "[i]mposition of the mandatory sentence did not implicate the Sixth Amendment jury trial right established in *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013).]" (*Id.* at 7). The Commonwealth's issue does not merit relief.

> At the outset, we note that issues pertaining to *Alleyne* go directly to the legality of the sentence. . . . An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Fennell*, 105 A.3d 13, 15 (Pa. Super. 2014) (citations and quotation marks omitted).

Here, the trial court denied the Commonwealth's request that it sentence Appellee pursuant to the mandatory minimum provided by 18 Pa.C.S.A. § 7508, which provides, in pertinent part:

> **(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> *   *   *
>
> (7) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is heroin shall, upon conviction, be sentenced as set forth in this paragraph:
>
> > (i) when the aggregate weight of the compound or mixture containing the heroin involved is at least 1.0 gram but less than 5.0 grams the sentence shall be a mandatory minimum term of two years in prison and a fine of $5,000 . . . .

* * *

**(b) Proof of sentencing.**—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508(a)(7)(i) and (b).

However,

[a] panel of this Court recently held that our *en banc* opinion in [**Newman**, **supra**,] and the panel decision in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super 2014) mandate that we hold 18 Pa.C.S.A. § 7508 unconstitutional in its entirety. Thus, a mandatory minimum sentence imposed under this statute is illegal. [] **Fennell**, [**supra** at] 15-20[].

**Commonwealth v. Vargas**, 2014 WL 7447678, at *17 (Pa. Super. filed Dec. 31, 2014) (*en banc*).

Specifically, in **Fennell**:

[The defendant] stipulated to laboratory reports that, at a minimum, suggest that the total weight of the heroin was 2.035 grams. As a result, the trial court concluded that the Commonwealth did prove this element to the trial court beyond a reasonable doubt, as required by **Alleyne** . . . . However, the trial court's opinion reveals that this conclusion was solely premised on its belief that Section 7508(b), which permits the trial court to find the necessary elements by a preponderance of the evidence, was severable from the rest of the statute. Pursuant to this Court's decision in **Newman,** this conclusion was not correct.

Furthermore, we see no meaningful difference, for the purposes of **Newman** and **Valentine**, between submitting the element to the jury and accepting a stipulation from a defendant. They both have the purpose of finding a method to impose a mandatory minimum sentence outside the statutory framework, but consistent with **Alleyne**. However, both **Newman** and **Valentine** unequivocally state that creating a new procedure in an effort to impose a mandatory minimum sentence is solely within the province of the legislature. While submission to a jury is a more formal and involved procedure, we decline to fracture **Newman** and **Valentine** further by concluding that when read together, they only prohibit formal mandatory minimum procedures, but permit informal ones. Based on these considerations, we conclude that the trial court erred in imposing the mandatory minimum sentence in this case.

**Fennell**, **supra** at 20 (citations omitted).

Here, Appellee pleaded guilty and stipulated to possessing over two grams of heroin. (**See** N.T. Guilty Plea, 9/02/14, at 5). Although Fennell submitted to a bench trial, **see Fennell**, **supra** at 15, this difference in procedural posture does not affect our analysis. In fact, **any** sentence imposed pursuant to section 7508 is illegal because the statute is unconstitutional. **See Vargas**, **supra** at *17. Allowing the imposition of a mandatory minimum sentence pursuant to section 7508 on the basis that Appellee has pleaded guilty would impermissibly "[create] a new procedure in an effort to impose a mandatory minimum sentence[, which] is solely within the province of the legislature." **Fennell**, **supra** at 20.

Accordingly, we conclude that the trial court properly denied the Commonwealth's request that it impose the mandatory minimum provision of section 7508, and instead sentenced Appellee in accordance with the

sentencing guidelines. (**See** N.T. Guilty Plea and Sentencing, 9/02/14, at 12-14); **see also Vargas**, **supra** at *17; **Fennell**, **supra** at 20. The Commonwealth's issue lacks merit.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/6/2015</u>

---

[4] We decline the Commonwealth's invitation to reverse Appellee's judgment of sentence, and to, in effect overrule our prior decisions "holding that mandatory minimum sentences are unconstitutional." (Commonwealth's Brief, at 11; **see id.** at 11-15). These cases remain binding precedent that we are bound to follow. **See Commonwealth v. Reed**, 107 A.3d 137, 143 (Pa. Super. 2014) ("This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court.") (citation and footnote omitted).