J-S58016-14

2014 PA Super 280

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

MICHAEL REED,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1956 WDA 2013

Appeal from the PCRA Order December 9, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0006853-1990

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

OPINION BY PLATT, J.:                    **FILED DECEMBER 19, 2014**

Appellant, Michael Reed, appeals from the dismissal of his fourth petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Counsel has filed a petition to withdraw from further representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The chief question for our review is whether the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455

_____

* Retired Senior Judge assigned to the Superior Court.

(2012) applies retroactively to Appellant.[1] Neither the United States Supreme Court nor our Supreme Court has held that *Miller* applies retroactively. Accordingly, we conclude that Appellant's PCRA petition is untimely, with no statutory exception to the time-bar proven. Counsel has substantially complied with the procedures to request withdrawal. Therefore, we grant counsel's petition to withdraw and affirm the dismissal of Appellant's PCRA petition.

The underlying facts are not in dispute. *See Commonwealth v. Reed*, 645 A.2d 872, 873 (Pa. Super. 1994) (*en banc*), *appeal denied*, 658 A.2d 794 (Pa. 1995). On April 18, 1990, Appellant and a co-defendant, Jackie Lee Williams, both then seventeen years old,[2] hailed a cab in Pittsburgh. When they arrived at their destination, they informed the cab driver, Thomas Law, that they did not have money to pay the fare. After an argument, and Mr. Law's threat to go to the police, Appellant fatally shot and robbed him. A jury convicted Appellant of murder of the first degree and robbery, on June 6, 1991. The court sentenced him to life imprisonment

_____

[1] In *Miller* the United States Supreme Court concluded that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment. *See id.* at 2464.

[2] Appellant, born on June 30, 1972, acknowledges that on the day of the crime he was seventeen years, nine months, two weeks and five days old. (*See* Response to Notice of Intention to Dismiss, 9/17/12, at unnumbered page 1, ¶¶ 1-2). In other words, Appellant was two months and twelve days short of his eighteenth birthday.

on April 3, 1992. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. *See id.*

Appellant filed the instant fourth PCRA petition on July 10, 2012, and the PCRA court appointed current counsel, who filed an amended petition.[3] The PCRA court filed notice of its intent to dismiss. (*See* Order, 9/05/12); *see also* Pa.R.Crim.P. 907(1). Appellant filed a counseled response. The court dismissed the petition on December 9, 2013, as patently frivolous.[4] Appellant timely appealed. On June 27, 2014, counsel filed an "Application for Leave to Withdraw as Counsel under *Turner* and *Finley*" along with a supporting brief.[5] Appellant has not filed a response to the petition to withdraw.

_____

[3] We note that Appellant filed his petition within fifteen days of the United States Supreme Court's decision in *Miller*, filed on June 25, 2012. Therefore, his petition complied with the PCRA sixty day rule. *See* 42 Pa.C.S.A. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.").

[4] For reasons not readily apparent from the record, the PCRA court also filed essentially identical orders of dismissal in this case on December 17, 2013, and January 14, 2014.

[5] Counsel submitted a brief in the nature of an *Anders* brief in support of the petition to withdraw. (*See* "Brief in Support of Application for Leave to Withdraw as Counsel under *Turner* and *Finley*," 6/27/14); *see also Anders v. California*, 386 U.S. 738 (1967). Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a *Turner/Finley* "no-merit letter" is the appropriate filing. However, "[b]ecause an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Commonwealth v.*
*(Footnote Continued Next Page)*

Counsel's brief presents three questions for our review:

> 1. Whether the PCRA [c]ourt erred in denial [of] PCRA relief on the basis that the PCRA proceeding was untimely?
>
> 2. Whether the United States Supreme Court held that the rule in **Miller v. Alabama**, by applying said rule in the companion case of **Jackson v. Hobbs**, applies retroactively to cases where direct review had concluded prior to the announcement of said rule in **Miller v. Alabama**?
>
> 3. Whether **Commonwealth v. Batts**, ___ Pa. ____, 66 A.3d 286 (2013) recognized a rule of constitutional law under the Pennsylvania Constitution similar to that in **Miller v. Alabama** and does the rule in **Batts** apply retroactively to cases where direct review concluded prior to the announcement of said rule in **Batts**?

("**Anders**" Brief, at 3).

Our standard and scope of review are well-settled.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

\*  \*  \*

The **Turner/Finley** decisions provide the manner for post-conviction counsel to withdraw from representation. The

_(Footnote Continued)_ ————————————

**Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) *(citing **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004)).*

holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner, supra,* then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. . . .

[T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. . . .

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183-84 (Pa. Super. 2012),

*appeal denied*, 64 A.3d 631 (Pa. 2013) (some citations and footnote

omitted).

[T]he time limitations pursuant to . . . the PCRA are jurisdictional. [Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

*Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal*

*denied*, 47 A.3d 845 (Pa. 2012) (citations, quotation marks and other

punctuation omitted).

Here, our review of the record confirms that counsel has substantially complied with the procedural requirements to withdraw.[6] Accordingly, we will proceed with our independent review of the questions presented to determine if counsel correctly concluded that the issues raised had no merit.

Our Supreme Court denied allowance of appeal in this case on April 18, 1995. *See Reed*, *supra* at 658 A.2d 794. Thus, Appellant's judgment of sentence became final on Monday, July 17, 1995, ninety days after our Supreme Court denied the petition to appeal and the time for Appellant to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); United States Supreme Court Rule 13. Accordingly, Appellant had one year to file a petition for PCRA relief, or until July 17, 1996. *See* 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant's instant petition is facially untimely.

When a petition is otherwise untimely, to obtain PCRA relief under the exception for a newly recognized constitutional right, a petitioner has the burden to plead and prove that "the right asserted is a constitutional right

---

[6] Specifically, counsel filed a petition to withdraw on June 27, 2014. Counsel contemporaneously filed her supporting brief. She attached a copy of the letter sent to Appellant notifying him of her conclusion that he was not entitled to relief under the PCRA. Counsel enclosed with her notice letter to Appellant a copy of her petition to withdraw and a copy of her brief. She informed Appellant of his right to retain private counsel, proceed *pro se*, file a supplemental brief, or discontinue his appeal. Appellant has not filed a response.

that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**." 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added).

Consequently, the only substantive issue for our review is whether Appellant can claim an exception to the statutory PCRA time-bar on the grounds that **Miller**, **supra**, (or **Batts**, **supra**) can be applied retroactively to him.[7] (**See** "**Anders**" Brief, at 3).

Appellant cannot do so. The United States Supreme Court has not ruled that **Miller** is retroactive. Furthermore, our Supreme Court, in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014), has decided that **Miller** is not:

> Here, applying settled principles of appellate review, nothing in Appellant's arguments persuades us that **Miller**'s proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of **Miller**'s announcement.

**Id.** at 11.

**Cunningham** addressed retroactivity under principles enunciated by the Unites States Supreme Court in **Teague v. Lane**, 489 U.S. 288 (1989), in pertinent part, as follows:

_____

[7] The first question presents only a general claim of error. (**See** "**Anders**" Brief, at 3).

Briefly, ***Teague v. Lane***, [***supra***] (plurality), delineated a general rule of non-retroactivity for new procedural, constitutional rules announced by the Court, WAYNE R. LAFAVE, JEROLD H. ISRAEL, NANCY J. KING & ORIN S. KERR, 1 CRIM. PROC. § 2.11(e) (3d ed. 2012) (relating that ***Teague*** has been described as establishing a "law at the time" principle), subject to two narrow exceptions. This construct was solidified by the majority decision in ***Penry v. Lynaugh***, 492 U.S. 302, 329–30 [ ] (1989). As relevant here, the exceptions extend to "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense," ***Penry***, 492 U.S. at 330, [ ] and "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." ***Horn v. Banks***, 536 U.S. 266, 271 n. 5, . . . . More recently, in ***Schriro v. Summerlin***, 542 U.S. 348 [ ] (2004), the High Court appears to have merged the first ***Teague*** exception with the principle that new **substantive** rules generally apply retroactively. ***See id.*** at 351–52 & n.4 [ ]. ***See generally*** Drinan, ***Graham*** *on the Ground,* 87 WASH. L.REV. at 66 (explaining that "the Court has shifted its terminology somewhat and has described new rules as 'substantive' when they 'alter[ ] the range of conduct or the class of persons that the law punishes,' rather than describing them as falling within the first of the two non-retroactivity exceptions)."

***Cunningham***, ***supra*** at 4-5 (footnotes and some punctuation omitted; emphasis in original).

Here, because the first question presents only a generalized claim of error, as previously noted, we review it in conjunction with the two remaining questions. The second question raises the issue of whether the ***Miller*** Court's application of its holding to the companion case of ***Jackson v. Hobbs*** compels retroactive application of ***Miller*** here. (***See*** "***Anders***" Brief, at 3); ***see also Miller***, ***supra*** at 2475. This claim disregards the special status of a case directly reviewed by the United States Supreme Court, as well as ignoring the case specific analysis that application of the ***Teague***

principles requires. Furthermore, **Cunningham** expressly rejected this argument: "Initially, we reject Appellant's position that the **Miller** Court's reversal of the state appellate court decision affirming the denial of post-conviction relief in the **Jackson** case compels the conclusion that **Miller** is retroactive." **Cunningham**, **supra** at 9. The second question does not merit relief.

The third, final question posits that our Supreme Court's holding in **Commonwealth v. Batts**, 66 A.3d 286, 299 (Pa. 2013), a direct appeal, should apply analogously to collateral appeals as well. (**See** "**Anders**" Brief, at 3). This argument has been made before. **See Cunningham**, **supra** at 18, (Baer, J., dissenting). However, as the dissent itself indicates, the proposal to extend the holding in **Miller** generally to collateral appeals has yet to command a majority of our Supreme Court. To the contrary, our jurisprudence has traditionally recognized a distinction between properly raised and preserved issues presented in cases on direct appeal, and cases on collateral review where a determination of guilt has already been made. In collateral appeals, the "strong interest in finality inherent in an orderly criminal justice system" traditionally affords additional weight to the prospective application of newly announced constitutional principles, within the context of **Teague** analysis. **Cunningham**, **supra** at 9.

Moreover, these retroactivity arguments ignore the general rule on retroactive application adopted in **Teague**: "Unless they fall within an

exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague*, *supra* at 310 (adopting Justice Harlan's analysis in *Mackey v. United States*, 401 U.S. 667, 692 (1971) (Harlan J., concurring in part and dissenting in part)). None of the arguments advanced on behalf of Appellant's claim to retroactivity for *Miller* merit relief under current controlling authority. Furthermore, on independent review, we conclude there are no arguments which would merit PCRA relief for Appellant.

We recognize that different courts have reached substantially differing conclusions on the retroactive application of *Miller*.[8] However, this does not alter our analysis of the state of the law in the Commonwealth of Pennsylvania.

> At the outset we observe that it is well-settled that this Court is not bound by the decisions of federal courts, other than the United States Supreme Court, or the decisions of other states' courts. *See Trach v. Fellin*, 817 A.2d 1102, 1115 (Pa. Super. 2003), *appeal denied sub nom.* *Trach v. Thrift Drug, Inc.*, 577 Pa. 725, 847 A.2d 1288 (2004). "We recognize that we are not bound by these cases; however, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law." *Id.*

_____

[8] *See e.g.*, *State v. Mantich*, 287 Neb. 320, 341, 842 N.W.2d 716, 730-31 (Neb. 2014), *cert. denied*, *Nebraska v. Mantich*, 135 S. Ct. 67, 68 (2014) (applying *Miller* retroactively under Nebrasaka law); *Craig v. Cain*, 2013 WL 69128, 2 (C.A.5 2013) (concluding *Miller* not retroactive under *Teague*).

*Eckman v. Erie Ins. Exchange*, 21 A.3d 1203, 1207 (Pa. Super. 2011).

"This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." **Commonwealth v. Slocum**, 86 A.3d 272, 278 n.9 (Pa. Super. 2014) (citing **Dixon v. GEICO**, 1 A.3d 921, 925–26 (Pa. Super. 2010).[9]

Here, the question of whether **Miller** represents a watershed rule has been addressed by our Supreme Court. **See Cunningham**, **supra** at 10. Noting that the United States Supreme Court has limited the watershed/bedrock exception, the second **Teague** exception, "to 'sweeping' changes on the order of **Gideon v. Wainwright**, 372 U.S. 335 [] (1963);" the **Cunningham** Court concluded that "modifications of a less broadscale nature, while they may be very important, **simply do not require retroactive application, under the second Teague exception**." **Cunningham**, **supra** at 10 (emphasis added).

The **Cunningham** Court cited **Whorton v. Bockting**, 549 U.S. 406, 421 (2007) (holding decision in **Crawford v. Washington**, 541 U.S. 36 (2004), is not retroactive to cases already final on direct review, under rules

---

[9] For similar reasons, we decline to fault counsel, or deny her permission to withdraw, on speculation that the conclusion or the reasoning of our Supreme Court in **Cunningham** may change in the future. "An attorney cannot be deemed ineffective for failing to anticipate a change or development in the law." **Commonwealth v. Hill**, 2014 WL 6609012, at *15 (Pa. filed November 21, 2014) (citation omitted).

set out in **Teague**).  The **Whorton** Court observed that "**Gideon** . . . [is]
the **only** case that we have identified as qualifying under this exception[.]"
**Whorton**, **supra** at 407 (emphasis added).

Applying these principles, the **Whorton** Court concluded:

The **Crawford** rule also did not "alter our understanding of
the bedrock procedural elements essential to the fairness of a
proceeding." . . .  [T]his requirement cannot be met simply by
showing that a new procedural rule is based on a "bedrock"
right.  We have frequently held that the **Teague** bar to
retroactivity applies to new rules that are based on "bedrock"
constitutional rights.  Similarly, that a new procedural rule is
"fundamental" in some abstract sense is not enough.

**Id.** at 420-21 (some citations, punctuation and internal quotation marks
omitted).  Here, similarly, there is no reasonable doubt about our Supreme
Court's conclusion in **Cunningham** on the non-retroactivity of **Miller**.

Our reasoning differs from that of the PCRA court.  However, we may
affirm the PCRA court's order on any basis.  **See Commonwealth v. Doty**,
48 A.3d 451, 456 (Pa. Super. 2012).

Order affirmed.  Petition to withdraw granted.

President Judge Gantman joins the Opinion.

Judge Bender files a Concurring Opinion.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 12 -

Date: <u>12/19/2014</u>