J-S08002-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELLIOT OUTERBRIDGE, | : | |
| | : | |
| Appellant | : | No. 3170 EDA 2013 |

Appeal from the Judgment of Sentence May 8, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-00006588-2011

BEFORE: DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED FEBRUARY 24, 2015**

Elliot Outerbridge ("Outerbridge") appeals from the judgment of sentence entered by the Philadelphia County Court of Common Pleas on May 8, 2013, following his convictions of first-degree murder, possessing an instrument of crime, and carrying a firearm in public in Philadelphia for the shooting death of Byron Wilkins ("Wilkins").[1] As he was sixteen years old at the time of the murder, the trial court sentenced Outerbridge to thirty-five years to life in prison with the possibility of parole.[2] On appeal, Outerbridge challenges the sufficiency of the evidence to support a finding that he was the shooter and the trial court's decision to permit the testimony of Tobi Downing of the Office of the District Attorney's Witness Relocation Program. We affirm.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907(a), 6108.

[2] 18 Pa.C.S.A. § 1102.1(a)(1).

We begin with Outerbridge's claim that the evidence was insufficient to prove his identity as the perpetrator. Our scope and standard of review is as follows:

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is de novo and our scope of review is plenary. We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt.
>
> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Tejada***, ___ A.3d ___, 2015 WL 62931, *3 (Pa. Super. Jan. 6, 2015) (internal citations omitted).

The trial court found that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove that Outerbridge

was the person who shot and killed Wilkins, and provided the following

summary of the relevant testimony:

> Kalesha Briggs ("Briggs") gave a statement to police and testified at trial. (N.T. 3/12/13, 98-193). Briggs identified [Outerbridge] by his nickname, Quill. (N.T. 3/12/13 at 100). Briggs stated that she saw [Outerbridge] in the area approximately 10-20 minutes before the shooting occurred. (N.T. 3/12/13 at 104). Briggs stated she was outside hanging clothes when she heard gunshots. (N.T. 3/12/13, 107-108). … Briggs stated that she heard six to seven (6-7) gunshots and saw [Outerbridge] shooting. (N.T. 3/12/13, 107-110). While Briggs did not contact the police herself, the police found her and after questioning her a second time, Briggs gave a statement. (N.T. 3/12/13 at 115).
>
> Jamal Marshall ("Marshall"), also known as "Rusty,["] testified at trial. (N.T. 3/13/13, 122). At trial, Marshall denied that he knew Wilkins and denied being there when Wilkins was killed. (N.T. 3/13/13, 123-124). Marshall had previously given a statement which was read into the record. (N.T. 3/13/13, 133-153). In his statement, Marshall stated he was with Wilkins and [Ishmael] Hardeman at the time of the shooting. (N.T. 3/13/13 at 140). Marshall told [h]omicide detectives that he "saw a chubby boy in a blue hat from around the corner and he just started shootin[g] [Wilkins]." (N.T. 3/13/13 at 140). When asked if he knew the person he described, Marshall stated[,] "I call him Quill[,]" [and identified Outerbridge in a photo array]. (N.T. 3/13/13 at 141[, 145]). While Marshall denied giving detectives this information, he stated at trial that the signature at the bottom of the statement was in fact his signature. (N.T. 3/13/13 at 149).

Trial Court Opinion, 5/23/14, at 6.

Outerbridge acknowledges that the above-summarized testimony was presented at trial, but claims it was insufficient to support a finding that he was the person responsible for the shooting because "[Briggs'] testimony was extremely questionable for multiple reasons" and the only other evidence presented was Marshall's "inconsistent out-of-court statement," which Outerbridge asserts cannot serve as the sole basis for a conviction. Outerbridge's Brief at 22-27. For the reasons that follow, his arguments fail.

First, as Outerbridge recognizes, our Supreme Court has specifically found that an inconsistent out-of-court statement made by a witness that recants while testifying at trial is "sufficient evidence upon which a criminal conviction may properly rest if the finder-of-fact could, under the evidentiary circumstances of the case, reasonably credit those statements over the witness's in-court recantations." *Commonwealth v. Brown*, 52 A.3d 1139, 1168 (Pa. 2012). Outerbridge does not argue that the evidentiary circumstances present in this case are such that the jury should not have credited Marshall's out-of-court statement to police. Rather, he "urges" us to adopt a contrary rule to that espoused by the *Brown* Court. Outerbridge's Brief at 26. This we cannot do, as we are bound by the decisions of our Supreme Court. *See Commonwealth v. Reed*, __ A.3d __, 2014 WL 7227713, *5 (Pa. Super. Dec. 19, 2014) ("This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to

follow controlling precedent as long as the decision has not been overturned by our Supreme Court.") (citation omitted).

Furthermore, the arguments raised by Outerbridge in support of his sufficiency claim are challenges to the credibility and believability of the testimony presented to support his conviction. An argument that the testimony presented was not worthy of belief or that the jury should have credited one witness over another present challenges to the weight, not the sufficiency of the evidence. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281-82 (Pa. Super. 2009).

As stated above, evidence is sufficient to support a conviction if, when viewed in the light most favorable to the Commonwealth, the evidence provides a basis for "the jury to find every element of a crime beyond a reasonable doubt." ***Tejada***, ___ A.3d ___, 2015 WL 62931 at *3. Outerbridge's sufficiency claim is based entirely on the purported lack of evidence presented to support a finding that he was the perpetrator of the crimes for which he was convicted. **See** Outerbridge's Brief at 21-28. Our review of the record comports with that of the trial court. This evidence, if believed, sufficiently establishes that Outerbridge was the gunman that shot Wilkins. As such, he is due no relief on his sufficiency claim.

Outerbridge also challenges the trial court's decision to allow the testimony of Tobi Downing ("Downing"), the Victim/Witness Coordinator of the District Attorney's Office. Outerbridge's Brief at 16-18. The record

reflects that Downing testified that Briggs participated in the witness relocation program; the date she relocated; the amount of money provided for her relocation ($621 to a hotel and $1050 for a security deposit); and that the money provided comes from the Attorney General's Office without any involvement of the Assistant District Attorney prosecuting the case. N.T., 3/14/13, at 23-27. Outerbridge asserts that permitting this testimony was error because "such evidence was a ploy to bolster Briggs['] testimony, establish that Briggs was threatened and fear[ed] for her life, and [because] this evidence was used to substantiate her testimony[, its] admission resulted in the presentment of unduly prejudicial evidence[.]" Outerbridge's Brief at 16.

At the outset, we note that counsel did not raise before the trial court any of the arguments he makes on appeal in support of this claim. Rather, the record reflects that when lodging an objection to Downing's testimony, counsel for Outerbridge argued as follows:

> My argument against [Downing] testifying is, I didn't challenge it, I didn't object to any of the information regarding [Briggs'] relocation. And she acknowledged that she was relocated by the D.A.'s Office. So, I don't understand why we have to have a witness come in and testify regarding something perceived – perceivably collateral.

N.T., 3/14/13, at 6.

"The rule is well settled that a party complaining, on appeal, of the admission of evidence in the [c]ourt below will be confined to the specific

objection there made." ***Commonwealth v. Cousar***, 928 A.2d 1025, 1041 (Pa. 2007) (citation omitted). "It is beyond cavil that if the ground upon which an objection is based is specifically stated, all other reasons for its exclusion are waived." ***Commonwealth v. Smith***, 985 A.2d 886, 904 (Pa. 2009) (citation and quotation marks omitted).

Even in the absence of waiver, this claim would not entitle Outerbridge to relief, as our review of the record reveals that Outerbridge opened the door to this testimony. During the Commonwealth's direct examination of Briggs, she testified that she moved from her home after the shooting, and that she did so for her safety and because her daughter, who also allegedly witnessed the shooting, "was traumatized." N.T., 3/12/13, at 123. There was no mention of her participation in the witness relocation program until cross-examination by counsel for Outerbridge, during which the following exchange occurred:

> Q. How long has it been since you moved?
>
> A. Almost about a year, year-and-a-half.
>
> Q. How long did you live there?
>
> A. Like almost two years.
>
> Q. Okay. And actually – **the district attorney's office paid to relocate you.** Is that fair to say?
>
> A. Yes.
>
> Q. And they relocated you after you testified at the preliminary hearing or before?
>
> A. Before—

Q. If it helps, the preliminary hearing was June, two thousand—

A. I know I didn't – I didn't go home after that.  I went – yeah, I didn't go home.  They didn't take me home after that.

Q. Yes, you didn't go home.  But they didn't relocate you until after you testified, correct?

A. No, that's not true.

Q. Well, that's my question.  When did they—

A. Well, I didn't.  They relocated me that day.

Q. Okay.  So, the day you testified at the preliminary hearing is the day that the D.A.'s office relocated you, right? Is that accurate?

A. Yes.

*Id.* at 183-84 (emphasis added).

The questioning by counsel for Outerbridge introduced to the jury the possibility that the Commonwealth, in essence, compensated Briggs for her testimony.  The testimony by Downing was therefore necessary to rebut the suggestion that Briggs' testimony was thusly colored.  As this Court has stated, where opposing counsel opens the door, otherwise inadmissible evidence is allowed "to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence." *Commonwealth v. Days*, 784 A.2d 817, 826 (Pa. Super. 2001) (quoting *United States v. Winston*, 447 F.2d 1236, 1240 (D.C.Cir. 1971)).

"[T]he admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence

will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Pugh*, 101 A.3d 820, 822 (Pa. Super. 2014) (citation omitted). As we find no abuse of discretion in the trial court's decision, Outerbridge's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015