J-S35041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GEORGE BOOKER, | |
| Appellant | No. 2705 EDA 2014 |

Appeal from the PCRA Order September 9, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0224101-1982

BEFORE: MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 08, 2015**

Appellant, George Booker,[1] appeals *pro se* from the order dismissing his petition for collateral relief as untimely under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a proven exception to the statutory time-bar. Appellant claims the United States Supreme Court's holding in **Miller v. Alabama**, 132 S. Ct. 2455 (2012), should apply retroactively to him. **Miller** does not apply. We affirm.

On July 16, 1982, a jury convicted Appellant of murder of the second degree, robbery, and conspiracy. On March 14, 1984, the court imposed a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant is also referred to as "George Brooker" in the record and in previous appeals. Appellant also went by the alias of "Bernard Croaker." (**See** Municipal Court Hearing List, 1/12/82).

sentence of life imprisonment.[2]  This Court affirmed judgment of sentence.  (*See Commonwealth v. Booker*, 501 A.2d 290 (Pa. Super. 1985) (unpublished memorandum)).  Our Supreme Court denied allowance of appeal on April 2, 1986.  (*See Commonwealth v. Booker*, No. 957 EDA 1985 (Pa. 1986)).[3]

The conviction arose out of the robbery and murder of Paul Lehman outside his home in the early morning hours of Tuesday, January 20, 1981 by Appellant and two cohorts.[4]  Mr. Lehman operated a newsstand which also sold lottery tickets.  Police investigating the crime determined, and testimony at trial confirmed, that it was well known in Mr. Lehman's Philadelphia neighborhood that on Tuesdays he would carry from $10,000 to $15,000 in cash, the weekly proceeds of the lottery machine, from his home,

---

[2] The court also sentenced Appellant to a concurrent term of not less than five nor more than ten years' imprisonment for conspiracy, not at issue in this appeal.

[3] Because Appellant did not petition for a writ of *certiorari* in the United States Supreme Court, his conviction became final on June 2, 1986 (June 1 fell on a Sunday), when the time for doing so expired under the then-applicable Supreme Court Rule.  (*See* Commonwealth's Brief, at 8 n.1).  Appellant filed the instant petition on July 2, 2010, twenty-four years after his judgment of sentence was final.  (*See* PCRA Court Opinion, 12/08/14, at 1).  The petition was therefore untimely on its face unless it fell within one of the three enumerated exceptions to the statutory time-bar.  *See* 42 Pa.C.S.A. § 9545(b)(1).

[4] Both of Appellant's co-conspirators were also convicted and received life sentences.

in a brown paper bag, for a required bank deposit with the Pennsylvania lottery commission. (*See* N.T. Trial, 7/09/82, at 37).

Significantly, notations in the certified record (and in Appellant's own reproduced record) confirm that Appellant was born on September 21, 1962. Accordingly, on the day of the murder he was over eighteen years old.[5]

Following his direct appeal, Appellant filed numerous petitions for collateral relief, alleging a variety of claims including recantation of trial testimony, the belated proffer of alibi witnesses, his purported exoneration by fellow inmates who claimed to be the real perpetrators, and accusations that he was framed by the police. All were rejected and none is at issue in this appeal. After the PCRA court dismissed the instant petition pursuant to Pennsylvania Rule of Criminal Procedure 907, (on September 9, 2014), as untimely with no statutory exception to the time bar applicable, Appellant timely filed a notice of appeal, on September 15, 2014.[6]

Appellant raises one question for our review on appeal:

> [Is Appellant entitled to PCRA relief because he] was under the age of 18 when the crime was committed, and [Appellant] raised the following equal protection claim, under the U.S. Fourteenth Amendment of the Constitution to assert the new Eighth Amendment right in ***Miller v. Alabama***, June 6, 2012, that mandatory sentences of life without parole are considered

---

[5] Specifically, he was eighteen years, three months, and thirty days old.

[6] The PCRA court did not order a Rule 1925(b) statement of errors. The court filed its Rule 1925(a) opinion (signed 11/17/14) on December 8, 2014. ***See*** Pennsylvania Rule of Appellate Procedure 1925.

cruel and unusual punishment for any defendant with an immature brains [sic] [?]

(Appellant's Brief, at VII) (some capitalization and other punctuation omitted).

Our standard and scope of review are well-settled.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted).

Here, preliminarily, we note for the sake of completeness and consistency of the record that Appellant is a serial petitioner; this is his sixth, or eighth, petition for collateral relief.[7] In any event, Appellant's repeated claim in the instant petition—that he was a juvenile aged seventeen

_____

[7] The PCRA court identifies Appellant's instant petition as his sixth. (*See* PCRA Court Opinion, 12/08/14, at 1). The Commonwealth states that this is Appellant's eighth petition. (*See* Commonwealth's Brief, at 2). This Court has previously noted that the Commonwealth, providing relevant dates for all filings, maintained that Appellant's last PCRA petition was his seventh. (*See Commonwealth v. Booker*, No. 2005 EDA 2009 (Pa. Super. filed April 28, 2010, at 1 n.2) (unpublished memorandum)).

at the time of the murder—is belied by the certified record, as well as his own reproduced record. (**See** Court Commitment, 3/14/84 [date of birth 9/21/62]; **see also** Appellant's Reproduced Record, at unnumbered page 4, Philadelphia County Court of Common Pleas Criminal Docket, Defendant Information [date of birth 09/21/1962]). Accordingly, Appellant's current self-serving claim that he was under the age of eighteen at the time the crime was committed is contradicted by the record. Appellant's claim has no merit.

Moreover, even assuming, contrary to the facts of record, that Appellant was under the age of eighteen when he committed the crime at issue, his claim would not merit relief. Appellant argues that **Miller** should be applied retroactively. (**See** Appellant's Brief, at 3-4). We disagree.

The United States Supreme Court has not ruled that **Miller** is retroactive. Furthermore, our Supreme Court decided that **Miller** is not retroactive, in **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied,* 134 S. Ct. 2724 (2014). **See also Reed**, **supra** at 144 (determining that there is no reasonable doubt about our Supreme Court's conclusion in **Cunningham** on the non-retroactivity of **Miller**).

Appellant also cites **Graham v. Florida**, 560 U.S. 48 (2010), as modified (July 6, 2010). (**See** Appellant's Brief, at 1). Appellant's reliance on **Graham** is misplaced, because **Graham** by its express terms applied to juveniles who did **not** commit homicide. **See Graham, supra** at 82. Here,

the jury convicted Appellant of homicide, specifically, murder of the second degree.

Appellant asks this Court to postpone its decision in his appeal pending the disposition of **Toca v. Louisiana**, [135 S. Ct. 781 (2014)], *cert. dismissed,* 135 S. Ct. 1197 (2015)]. (**See** Appellant's Brief, at 7). However, as noted, the writ of *certiorari* in that case has been dismissed:

> The United States Supreme Court had granted *certiorari* in **Toca v. Louisiana**, −−− U.S. −−−−, 135 S. Ct. 781, 190 L.Ed.2d 649 (2014), *cert. dismissed,* −−− U.S. −−−−, 135 S. Ct. 1197, 191 L.Ed.2d 149 (2015), to decide the retroactivity of **Miller**. However, the writ of certiorari was dismissed upon written agreement of the parties under Supreme Court Rule 46(1) on February 3, 2015. On March 23, 2015, the Supreme Court granted *certiorari* in **Montgomery v. Louisiana**, −−− U.S. −−−−, 135 S. Ct. 1546, −−− L.Ed.2d −−−− (2015), which again presents the **Miller** [retroactivity] question. Nonetheless, until the United States Supreme Court issues its decision, **Cunningham** remains the final word on the issue in Pennsylvania.

**Commonwealth v. Cristina**, 2015 WL 1730538 (Pa. Super. filed April 14, 2015) (filed April 14, 2015) (Mundy, J., concurring, at n.1).

Appellant was not a juvenile when he committed the crime at issue. But even if he were, our Supreme Court has decided in **Cunningham** that **Miller** does not apply retroactively in Pennsylvania. The PCRA court properly dismissed Appellant's petition as untimely with no exception to the statutory time bar proven.

Our reasoning differs in part from that of the PCRA court. However, we may affirm the PCRA court's order on any basis, provided it is legally correct. **See Reed**, *supra* at 144.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2015