J-S61011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARENCE LAUDENBERGER | |
| Appellant | No. 562 MDA 2015 |

Appeal from the PCRA Order March 3, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001946-1996

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED NOVEMBER 17, 2015**

In **_Miller v. Alabama_**, ___ U.S. ___, 132 S.Ct. 2455 (2012), the United States Supreme Court recognized a constitutional right for juveniles under the age of eighteen and held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" ___ U.S. at ___, 132 S.Ct. at 2460. Our Supreme Court, however, has ruled that that the right announced in **_Miller_** does not apply retroactively. **_See Commonwealth v. Cunningham_**, 81 A.3d 1, 10 (Pa. 2013). In this appeal, from an order denying his third PCRA petition as untimely filed, Laudenberger presents a claim that he knows he cannot win in this Court:

---

[*] Retired Senior Judge assigned to the Superior Court.

that our Supreme Court wrongly decided **Cunningham**. Laudenberger presents this issue in order to preserve it "for further litigation and appellate review[,] including review by the Pennsylvania Supreme Court and future litigation in the federal court system." Appellant's Brief, at 14.

We, of course, are bound by the Pennsylvania Supreme Court's decision in **Cunningham**. **See**, **e.g.**, **Commonwealth v. Friday**, 90 A.2d 856, 859 (Pa. Supper. 1952) ("[Superior] Court is bound by the decisions of the Supreme Court of Pennsylvania."); Act of June 24, 1895, P.L. 212, § 10, 17 P.S. § 198  ("Upon any question whatever before the said [Superior] [C]ourt the decision of the [S]upreme [C]ourt shall be received and followed as of binding authority."). Thus, we cannot overturn **Cunningham**. This Court has explained that **Cunningham** dictates that an appellant cannot use **Miller** to establish jurisdiction over an untimely PCRA petition in any Pennsylvania court. **See Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014). **See also Commonwealth v. Reed**, 107 A.3d 137 (Pa. Super. 2014).

The PCRA court committed no error in summarily dismissing Laudenberger's PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/17/2015</u>