J-A09027-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN BEY | : | |
| | : | No. 1381 WDA 2019 |
| APPEAL OF: PG PUBLISHING COMPANY D/B/A THE PITTSBURGH POST-GAZETTE | : | |

Appeal from the Order Entered August 8, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007905-2019

BEFORE:   SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    FILED MAY 05, 2020

PG Publishing Company, d/b/a the Pittsburgh Post-Gazette (the Post-Gazette) appeals from the order denying its motion to unseal the record.[1] Upon review, we dismiss as moot.

The trial court summarized the underlying procedural history as follows:

On July 22, 2019, a sealed criminal complaint against Christian Bey was filed pursuant to Pa.R.Crim.P 513.1.  The following day, the Commonwealth filed with this [c]ourt, in its capacity as Supervising Judge of the Sixth Allegheny County

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court has jurisdiction pursuant to Pa.R.A.P. 313 (appeal may be taken as of right from a collateral order).  See also Commonwealth v. Curley, 189 A.3d 467, 471 n.3 (Pa. Super. 2018) (order denying request for public access to a criminal proceeding or judicial documents constitutes a collateral order from which an immediate appeal may be taken).

Indicting Grand Jury, a Motion to Proceed by Indicting Grand Jury pursuant to Pa.R.Crim.P 556.2. After careful review, this Court granted the Motion on July 23, 2019.

On July 25, 2019, this Court granted a Motion to Intervene filed by Appellant, PG Publishing Company d/b/a The Pittsburgh Post-Gazette. The following day, July 26, 2019, [the Post-Gazette] served on this Court a Motion to Unseal the Record. On August 8, 2019, after reviewing briefs submitted by [the Post-Gazette], the Commonwealth, and counsel for Christian Bey, this Court denied the Motion to Unseal the Record. [The Post-Gazette] filed a Notice of Appeal of this Court's Order on September 9, 2019 and a Concise Statement of the Errors to be Complained of on October 7, 2019.

Trial Court Opinion, 11/13/19, at 1-2 (footnotes omitted).

The August 8, 2019 order from which the Post-Gazette appeals denied "the Motion to Unseal Record, filed on behalf of Intervenor, PG Publishing Company d/b/a The Pittsburgh Post-Gazette." Order, 8/8/19. However, in its summary of the procedural history, the trial court fails to mention that on August 26, 2019, without any explanation of record, it entered the following order:

AND NOW, to-wit, this 26th day of August, 2019, it is hereby ORDERED, ADJUDGED and DECREED that the Court file maintained by the Department of Court Records and the within Criminal Complaint at the above-captioned docket number be UNSEALED by the Department of Court Records.

Order, 8/26/19.

Although the language in the two orders is not identical, and the latter does not reference the former, we, like the Commonwealth, read the August 26, 2019 order as unsealing the record, i.e., reversing course, granting the relief that was denied in the August 8, 2019 order, and effectively vacating

the August 8, 2019 order. See Commonwealth Brief at 5 ("the court issued a subsequent order two-and-a half weeks later in which it did, in fact, unseal the record. (This is not disputed by the [Post-Gazette].").

The Commonwealth argues that this appeal should be dismissed as moot. Commonwealth Brief at 5-11. The Commonwealth further states that the Post-Gazette "tries to avoid the mootness doctrine in a footnote," and fails to develop any argument "whatsoever as to how the issues present in the instant case satisfy any" of the requisites for this Court to consider the merits of a moot issue. Id. at 9-10 (citing the Post Gazette's Brief at 15, n. 3, and Estate of Border, 68 A.3d 946, 954 (Pa. Super. 2013)). We agree.

"An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." Commonwealth v. Nava, 966 A.2d 630, 633 (Pa. Super. 2009). Citing Pennsylvania Supreme Court decisions, the Commonwealth recognizes the well-settled precept that failure to develop an argument results in waiver. Id. at 10, citing Commonwealth v. Treiber, 121 A.3d 435, 474 (Pa. 2015) and Commonwealth v. Walter, 966 A.2d 560, 567 (Pa. 2009). We are "bound by existing precedent under the doctrine of stare decisis and continue[] to follow controlling precedent as long as . . . decision[s have] not been overturned by our Supreme Court." Commonwealth v. Reed, 107 A.3d 137, 143 (Pa. Super. 2014). Accordingly, we dismiss this appeal as moot.

Appeal dismissed.

- 3 -

J-A09027-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/5/2020

- 4 -