J-S49045-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTORIA MARIE POLING | : | |
| | : | |
| Appellant | : | No. 502 WDA 2020 |

Appeal from the Judgment of Sentence Entered March 31, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001081-2016

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            FILED NOVEMBER 12, 2020

Appellant Victoria Marie Polling appeals from the judgment of sentence entered in the Court of Common Pleas of Mercer County on March 31, 2020, at which time, upon resentencing, the trial court found her to be a Sexually Violent Predator (SVP). We affirm.

In 2017, Appellant pled guilty to multiple counts of Involuntary Deviate Sexual Intercourse and other crimes of a sexual nature and no contest to other similar counts in connection with her abuse of own daughters.[1] On May 15, 2017, the trial court sentenced Appellant to an aggregate term of thirty-five (35) years to seventy (70) years in a state correctional institution with 340

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Appellant had been charged with a total of forty-one (41) counts on June 10, 2016, with the remaining counts being nolle prossed following Appellant's plea.

days credit for time served. Appellant filed a Motion to Reconsider and/or Modify Sentence, and the trial court denied the same on September 12th, 2017.

On June 20, 2018, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA)[2] pro se. Counsel was appointed and on October 29th, 2019, filed an amended PCRA petition alleging ineffective assistance of trial counsel. Following an evidentiary hearing, the trial court denied the PCRA petition, and Appellant timely appealed.

In an Unpublished Memorandum decision filed on January 7, 2020, this Court affirmed in part and, sua sponte, reversed Appellant's SVP designation under the Sex Offender Registration and Notification Act (SORNA).[3] We remanded the matter to the trial court for consideration in light of our previous holding in Commonwealth v. Butler, 173 A.3d 1212, 1218 (Pa.Super. 2017) (hereinafter sometimes "Butler I") which declared 42 Pa.C.S.A. § 9799.24(e)(3) was unconstitutional. Commonwealth v. Poling, 2020 WL 86015, at *1-2 (Pa. Super. Ct. Jan. 7, 2020). Specifically, we instructed the trial court to determine on remand what, if any, registration requirements applied to the Appellant. We also noted at that time that Butler was on appeal before the Pennsylvania Supreme Court. Id. at 2 n.1.

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.
[3] 42 Pa.C.S.A. §§ 9799.10-9799.41.

- 2 -

Appellant's resentencing hearing was scheduled for March 31, 2020. Prior thereto, in an Opinion filed on March 26, 2020, the Pennsylvania Supreme Court reversed this Court's prior holding in Butler finding that SVP designations were illegal under SORNA. See Commonwealth v. Butler, 226 A.3d 972 (Pa. March 26, 2020) (hereinafter "Butler II"). Specifically, our Supreme Court held that the registration, notification, and reporting requirements "applicable to SVPs do not constitute criminal punishment," and therefore, the procedural mechanism in Pennsylvania for designating sex offenders as SVPs set forth in 42 Pa.C.S.A. § 9799.24 is constitutional. Butler II, 226 A.3d at 993.

On March 31, 2020, the trial court resentenced Appellant. It again deemed her to be an SVP and found that she would be subject to SORNA's lifetime registration and notice requirements in general along with the registration, notification, and counseling requirements applicable to SVPs. In all other respects, the trial court's original sentence imposed on May 15, 2017, remained in full force and effect.

On April 17, 2020, Appellant filed a timely notice of Appeal with this Court, and both she and the trial court have complied with Pa. R.A.P. 1925. Appellant raises a single issue for this Court's review:

> Whether the sentencing court erred as a matter of law or abused its discretion by applying the Supreme Court of Pennsylvania's opinion in Butler to find [Appellant] as a sexually violent predator.

Brief for Appellant at 5.

- 3 -

While Appellant acknowledges that the "Supreme Court of Pennsylvania's holding in [Butler II], is binding [and she] does not challenge the constitutionality of the designation of sexually violent predator" she posits the trial court abused its discretion in applying the decision "retroactively" when resentencing her, because this Court remanded the matter for resentencing "for the sole purpose of sentencing consistent with [Butler I]." Brief for Appellant at 6, 9. In doing so, Appellant reasons that this Court "had remanded the case for a resentencing to remove the sexually violent predator from her sentence. On remand the Supreme Court of Pennsylvania reversed [Butler I]. This happened four days before sentencing. Thus, [A]ppellant's sentence should have the sexually violent predator removed from her sentence." Id. at 9.

Appellant's claims to the contrary, the Supreme Court's March 26, 2020, decision in Butler II which overruled this Court's prior holding was binding upon the trial court under the doctrine of stare decisis. Indeed, it would have been an abuse of discretion had the trial court chosen to ignore the holding in Butler II, which was published days before Appellant was resentenced. It is axiomatic that "[t]his Court is bound by existing precedent under the doctrine of stare decisis and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." Commonwealth v. Reed, 107 A.3d 137, 143 (Pa.Super. 2014) (citation omitted). Thus, at

the time of resentencing, Butler I was nonexistent, and the Supreme Court's holding In Butler II was binding upon courts in this Commonwealth.

In light of the foregoing, in finding Appellant to be an SVP and subject to a lifetime registration requirement at the time of resentencing, the trial court did not apply Butler II retroactively, but rather correctly applied binding precedent to Appellant's case. Upon remand, this Court had directed the trial court to resentence Appellant in accordance with Butler I, which we noted was pending on appeal before the Pennsylvania Supreme Court. The trial court explains that "[in] that the Superior Court remanded, in part, this [c]ourt's original sentencing order as it related to [] Appellant's SVP status, this [c]ourt considered the Supreme Court's decision in [Butler II]. See 1925(a) Opinion at 3, ¶ 13. As this was proper application of binding precedent, not an abuse of discretion, Appellant's claim is meritless.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2020