J-S15010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAUN CHRISTOPHER WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2083 EDA 2021 |

Appeal from the Order Entered September 7, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000969-1998

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 22, 2022**

Appellant Shaun Christopher Williams appeals from the order denying his petition to terminate his registration requirements under the Sex Offender Registration and Notification Act[1] (SORNA). Appellant argues that Subchapter I does not apply to him and that, even if it were applicable, it would violate *ex post facto* principles when applied to him retroactively. We affirm.

The underlying facts of this matter are well known to the parties. Briefly, a jury convicted Appellant of sexual assault[2] in 1998. On December 9, 1998, the trial court sentenced Appellant to a term of four to ten years' incarceration.

---

[1] 42 Pa.C.S. §§ 9799.10—9799.41.

[2] 18 Pa.C.S. § 3124.1.

At that time, Megan's Law I[3] was in effect. However, at that time, Appellant was not subject to any sex offender registration requirements for his sexual assault conviction.

While Appellant was serving his sentence, Megan's Law II[4] was enacted. Megan's Law II required a lifetime registration period for offenders who had been convicted of sexual assault. Then, in 2003, after our Supreme Court found that certain portions of Megan's Law II were unconstitutional, *see* ***Commonwealth v. G. Williams***, 832 A.2d 962 (Pa. 2003), the General Assembly enacted Megan's Law III,[5] which went into effect on January 24, 2005. Megan's Law III, which was in effect at the time of Appellant's initial release date in June of 2005, required lifetime registration for offenders who, like Appellant, had been convicted of sexual assault.

---

[3] In 1995, the General Assembly passed Act of October 24, 1995, P.L. 1079 No. 24 (Spec. Sess. No. 1) (Megan's Law I), which went into effect on April 22, 1996. Megan's Law I did not require registration for offenders who had been convicted of sexual assault.

[4] In 2000, the General Assembly passed Act of May 10, 2000, P.L. 74, No. 18, (Megan's Law II), which went into effect on July 10, 2000.

[5] The General Assembly made further amendments to Megan's Law II with the passage of Act of November 24, 2004, P.L. 1243, No. 152 (Megan's Law III or Act 152 of 2004).

On December 20, 2012, Megan's Law III was replaced by SORNA I.[6,7] On July 19, 2017, our Supreme Court issued a decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), which concluded that SORNA I's registration requirements were "punitive in effect." ***Muniz***, 164 A.3d at 1218. Therefore, the Court concluded that SORNA I violated *ex post facto* principles when applied to individuals who committed a sexual offense before December 20, 2012, the effective date of SORNA I. ***See id.*** at 1223; ***see also Commonwealth v. Lippincott***, 208 A.3d 143, 150 (Pa. Super. 2019) (*en banc*).

In response to ***Muniz***, the legislature enacted SORNA II, which divides sex offender registrants into two distinct subchapters—Subchapter H and Subchapter I. Subchapter H includes individuals who were convicted for an offense that occurred on or after December 20, 2012, and whose registration requirements had not yet expired. ***See*** 42 Pa.C.S. § 9799.11(c). Subchapter I includes individuals who were convicted for an offense that occurred "on or after April 22, 1996, but before December 20, 2012," **or** who were required to register under a former sexual offender registration law on or after April 22, 1996, but before December 20, 2012, and whose registration requirements had not yet expired. ***See*** 42 Pa.C.S. § 9799.52.

---

[6] 42 Pa.C.S. §§ 9799.10-9799.41 (eff. 2012, subsequently amended 2018).

[7] We note that, after SORNA I was enacted, our Supreme Court ruled that Megan's Law III was unconstitutional. ***See Commonwealth v. Neiman***, 84 A.3d 603 (Pa. 2013).

In 2019, Appellant filed a motion seeking to "bar the applicability of sex offender registration" under SORNA II, which the trial court denied as an untimely Post Conviction Relief Act[8] (PCRA) petition. While Appellant's appeal before this Court was pending, our Supreme Court issued a decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), which held that petitioners may challenge the application of a sexual offender registration statute outside the framework of the PCRA. In light of *Lacombe*, this Court remanded the matter for further proceedings. *See Commonwealth v. Williams*, 1236 EDA 2020, 2021 WL 2013031 (Pa. Super. filed May 20, 2021) (unpublished mem.) (directing the trial court to consider the merits of Appellant's claims outside of the PCRA).

On remand, the trial court issued an order and opinion denying Appellant's motion and addressing the merits of his claims. *See* Trial Ct. Op. & Order, 9/7/21. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Whether the [trial] court erred in failing to conclude that Subchapter I cannot apply because any period of registration under prior laws already expired?

2. Whether the [trial] court erred in failing to conclude that the registration requirements of Subchapter I are punitive and that

---

[8] 42 Pa.C.S. §§ 9541-9546.

retroactive application violates the constitutional prohibition against *ex post facto* laws?

3. Whether relief is warranted to eliminate internet dissemination of sex offender registration information as violative of the constitutional prohibition against *ex post facto* laws?

Appellant's Brief at 4.

All of Appellant's claims challenge his registration requirements under Subchapter I of SORNA II. First, Appellant argues that the trial court erred in concluding that he was required to register under SORNA II because Subchapter I is not applicable to him.[9] Appellant's Brief at 4. Specifically, he claims that, at the time of his release in June of 2005, he would have been subject to a ten-year registration term under Megan's Law II.[10] *Id.* at 23. Appellant asserts that "the 10 year requirements under Megan's Law II would have expired on June 15, 2015." *Id.* Therefore, he contends that "by its own terms, Subchapter I registration requirements cannot apply to [him] because his period of registration under Megan's Law II already expired." *Id.*

Appellant further claims that, even if Subchapter I applies, it violates *ex post facto* principles when applied to him retroactively. *Id.* at 16-22. In

---

[9] As stated above, Subchapter H applies to offenders who were convicted of offenses that occurred on or after December 20, 2012. Here, it is undisputed that Subchapter H is inapplicable to Appellant, who was convicted for an offense that occurred in 1998.

[10] In his brief, Appellant acknowledges Megan's Law III was enacted in 2004. *See* Appellant's Brief at 12. However, he argues that our Supreme Court "struck down Act 152 of 2004 entirely and, as a result, Megan's Law III was void *ab initio* from 2005 until the enactment of SORNA in 2012." *Id.*

support, Appellant heavily relies on the *Muniz* Court's application of the *Mendoza-Martinez*[11] factors, and argues that "[e]mploying the same reasoning and test used by the *Muniz* [C]ourt compels the conclusion that the registration requirements of SORNA I, Subchapter I cannot be applied retroactively without violating the *ex post facto* clause of the United States and Pennsylvania Constitutions." *Id.* at 15-16.

Appellant argues that the internet dissemination provisions of Subchapter I are punitive. *Id.* at 30. In support, Appellant relies on this Court's prior decision in *Commonwealth v. Moore*, 222 A.3d 16 (Pa. Super. 2019), *vacated*, 240 A.3d 102 (Pa. 2020). *Id.* Specifically, he argues that "the original analysis [by this Court] in *Moore* [was] correct that § 9799.63 under Subchapter I is punitive in effect, violative of federal *ex post facto* laws and, in light of *Muniz*[,] cannot be retroactively applied." *Id.* Therefore, Appellant concludes that he is "entitled to relief from the internet dissemination" provisions of Subchapter I. *Id.*

All of Appellant's claims raise questions of law. Therefore, "our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Brensinger*, 218 A.3d 440, 456 (Pa. Super. 2019) (citation omitted).

It is undisputed that all versions of Megan's Law and both SORNA I and SORNA II provide that an offender's registration period begins at the time of release from incarceration. Here, the record reflects that Appellant's

---

[11] *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963) (establishing the framework for determining whether a statute is punitive in effect).

registration requirements began at the time of his release from prison on June 15, 2005. At that time, Megan's Law III was in effect, which required lifetime registration for offenders who, like Appellant, had been convicted of sexual assault. **See** 42 Pa.C.S. § 9795.1(b)(2) (expired) (requiring lifetime registration for offenders who had been convicted of sexual assault).

Therefore, because Appellant was subject to registration under Megan's Law III, and his lifetime registration term had not expired when SORNA II was enacted in 2012, Subchapter I applies.[12] **See** 42 Pa.C.S. § 9799.52(2) (requiring registration for offenders who were "required to register . . . under a former sexual offender registration law . . . on or after April 22, 1996, but before December 20, 2012, [and] whose period of registration has not [yet] expired").

To the extent Appellant claims that Subchapter I violates *ex post facto* principles, **Lacombe** is dispositive. **See Lacombe**, 234 A.3d at 606 (stating that "Subchapter I is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws"). Likewise, although Appellant argues that this Court's decision in **Moore** was "correct," **Lacombe** remains the

_____

[12] We note that, to the extent Appellant claims that he was subject to a ten-year registration term under Megan's Law II, he is incorrect. Megan's Law II was replaced by Megan's Law III in 2004, which was before Appellant's release from prison. In any event, both Megan's Law II and Megan's Law III required lifetime registration for offenders who had been convicted of sexual assault. Therefore, Appellant is not entitled to relief on this basis.

controlling law.[13]  **See id.**  Accordingly, Appellant's *ex post facto* challenges to Subchapter I are meritless.

In sum, we conclude that Appellant is not entitled to relief on his challenge to SORNA II's registration requirements.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2022

---

[13] "This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court."  **Commonwealth v. Reed**, 107 A.3d 137, 143 (Pa. Super. 2014) (citations omitted).