J-A21043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE L.L. VESSELS, | |
| Appellant | No. 419 EDA 2015 |

Appeal from the PCRA Order entered January 8, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0001460-2008

BEFORE: ALLEN, MUNDY, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.: **FILED JULY 24, 2015**

Andre L.L. Vessels ("Appellant") appeals from the order denying his first petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA court summarized the pertinent procedural history as follows:

> On October 30, 2007, [seventeen-year-old Appellant] was arrested and charged with Murder and related charges. On November 21, 2008, a jury found [Appellant] guilty of Murder of the Second Degree. That same day, the [trial court] sentenced [Appellant] to life imprisonment without the possibility of parole.
>
> On January 9, 2009, [counsel] was appointed to represent [Appellant]. On January 16, 2009, [Appellant] filed a [PCRA] petition requesting leave to have his appellate rights reinstated *nunc pro tunc*. On March 6, 2009, [the PCRA court] granted [Appellant's] PCRA

*Former Justice specially assigned to the Superior Court.

petition. On March 26, 2009, [Appellant] filed a Notice of Appeal.

On January 26, 2010, the Superior Court of Pennsylvania affirmed the judgment of sentence. On September 29, 2010, the Supreme Court of Pennsylvania denied [Appellant's] Petition for Allowance of Appeal.

On August 25, 2011, [Appellant] filed a timely *pro se* PCRA petition. On July 17, 2012, [Appellant] filed a supplemental *pro se* PCRA petition. On June 12, 2013, [PCRA counsel] entered his appearance. On December 26, 2013, [PCRA counsel] filed an amended PCRA petition, in which he announced his intent to preserve the issue of a life without parole sentence having been imposed where [Appellant] was a juvenile at the time of the murder, and his intent to examine the record for any further potential issues. The Commonwealth failed to file an answer to PCRA counsel's amended petition. On December 4, 2014, this Court held a status listing to determine why there had not been further filings in this case. On December 8, 2014, this Court filed its Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907.

PCRA Court Opinion, 1/8/15, at 1-2.

On December 29, 2014, Appellant filed a *pro se* response. By order entered January 8, 2015, the PCRA court denied Appellant's amended PCRA petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Appellant raises the following issue:

**I.** Did the PCRA Court err when it dismissed [Appellant's] Amended PCRA Petition (without an Evidentiary Hearing) and where [Appellant] had properly pled, and would have been able to prove, that he was entitled to relief with regard to the fact that he was serving Life Imprisonment without the possibility of Parole even though the offense was committed at the time he was a juvenile?

- 2 -

Appellant's Brief at 3.

Our standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011 (Pa. Super. 2001).

In support of his issue, Appellant makes the following argument:

> [Appellant] should be remanded to the PCRA Court/Trial Court so that a New Sentencing Hearing could be held and so that he could be re-sentenced to Life with the possibility of Parole, as he was a juvenile at the time that his offense was committed. In the alternative, [Appellant] is respectfully requesting that this matter be stayed until other matters before the United States Supreme Court which discussed this issue can be resolved.

Appellant's Brief at 5.

Rejecting Appellant's request for resentencing, the PCRA court reasoned:

> In **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), our Supreme Court addressed the exact claim presented by [Appellant]: a post-conviction challenge to the imposition of a mandatory sentence of life

imprisonment, without the possibility of parole, for a murder committed by a juvenile. The Court held that the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455, 2477, 183 L.Ed. 2d 407 (2012), which held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders did not apply retroactively. *Id.*

[Appellant's] judgment of sentence became [final on December 28, 2010, ninety] days after the Pennsylvania Supreme Court denied [his] Petition for Allowance of Appeal. [Appellant's] judgment of sentence was final before the United States Supreme Court's decision in *Miller v. Alabama*. This Court is bound by our Supreme Court's decision in *Cunningham*. Accordingly, [Appellant's] claim is meritless.

PCRA Court Opinion, 1/8/15, at 3.

Our review of recent precedent supports the PCRA court's discussion of *Miller* and its retroactivity. *See generally*, *Cunningham*, *supra*, *Commonwealth v. Reed*, 107 A.3d 137 (Pa. Super. 2014); *Commonwealth v. Seskey*, 86 A.3d 237 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014); *compare Commonwealth v. Christina*, 114 A.3d 419 (Pa. Super. 2015). Thus, Appellant's claim that he should be resentenced is meritless.

Appellant also argues that this Court "can grant [him] relief" because the "Pennsylvania Supreme Court in *Cunningham* suggested that relief can be granted under Article [1] Section 13 of the Pennsylvania Constitution which prohibits the infliction of 'cruel punishment.'" Appellant's Brief at 7. Initially, we note that because Appellant has raised his state constitutional

claim for the first time on appeal, it is waived. **See generally**, Pa.R.A.P. 302(a).

Alternatively, Appellant argues that this Court "should stay a ruling on this matter pending a decision from the United States in **Nebraska v. Mantich**, 135 S.Ct. 67 (U.S. 2014), and **Provitt v. Pennsylvania**, 135 S.Ct. 50 (U.S. 2014)." Appellant's Brief at 7. Our research of these cases confirms the Commonwealth's assertion that Appellant's specific request is moot because the United States Supreme Court has since denied *certiorari* in both cases. **See** Commonwealth Brief at 10.

We recognize that in **Montgomery v. Louisiana**, 2015 U.S. LEXIS 1942, the high court granted the petition for writ of *certiorari* to address the following question: "Do we have jurisdiction to decide whether the Supreme Court of Louisiana correctly refused to give retroactive effect in this case to our decision in **Miller v. Alabama**?" **Id.** (citation omitted); **see also Christina**, 114 A.3d *12 n.1 (Mundy, J., concurring). However, should the prospective decision in **Montgomery** be of benefit to Appellant, he could file a second PCRA petition raising his claim. Thus, we decline Appellant's request to stay the present appeal.

In sum, our review of the record supports the PCRA court's determination that Appellant's amended PCRA petition is meritless. We therefore affirm the PCRA court's denial of Appellant's petition for post-conviction relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2015