J.S07034/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLE WUNDER | |
| Appellant | No. 845 MDA 2015 |

Appeal from the PCRA Order May 1, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004642-2012

BEFORE:  BOWES, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 11, 2016**

Appellant, Kyle Wunder, appeals from the order entered in the Lancaster County Court of Common Pleas denying his first, timely petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA").  Appellant challenges the validity of his plea and contends trial counsel was ineffective for failing to investigate a plea offer by the Commonwealth and failing to file a direct appeal.  PCRA counsel has filed with this Court a **_Turner_/_Finley_**[2] letter and petition for leave to withdraw.  Because the PCRA court committed

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

an error of law, we vacate the order, deny the petition to withdraw, and remand for further proceedings.

The facts underlying Appellant's convictions are not relevant to our disposition. On July 12, 2013, Appellant pleaded guilty to one count each of first-degree murder,[3] robbery,[4] burglary,[5] and two counts of criminal conspiracy.[6] On August 15, 2013, the trial court imposed a sentence of life without the possibility of parole. Appellant did not file a post-sentence motion or a direct appeal.

On August 28, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel for Appellant on September 11, 2014, and PCRA counsel filed an amended petition on December 1, 2014. In Appellant's amended PCRA petition, he alleged ineffective assistance of counsel based on trial counsel's failures to investigate a plea offer and file a requested direct appeal. Appellant's Amended PCRA Pet., 12/1/14, at 2 (unpaginated). Alternatively, Appellant alleged trial counsel was ineffective for failing to "hold the Commonwealth to the terms of the plea agreement[.]" **Id.**

---

[3] 18 Pa.C.S. § 2502(a).

[4] 18 Pa.C.S. § 3701(a)(1)(i).

[5] 18 Pa.C.S. § 3502(a).

[6] 18 Pa.C.S. § 903(a)(1).

The PCRA court held an evidentiary hearing on February 24, 2015. Appellant testified that he saw an e-mail from the district attorney to his counsel in April of 2013 indicating that if Appellant was willing to plead guilty, the Commonwealth would allow him to plead to second-degree murder. N.T. PCRA Hr'g, 2/24/15, at 5-6. Appellant testified that he was under the "impression" that he would enter a plea to second-degree murder. *Id.* at 15. However, Appellant testified that he was not "disputing" that his plea to first-degree murder was voluntary. *Id.* The Commonwealth proceeded to review Appellant's guilty plea colloquy with Appellant on the record. *Id.* at 17-18. Thereafter, the Commonwealth asked Appellant, "[d]id you or did you not choose to plead guilty to first degree murder knowing the nature of the charge and knowing the facts that backed up that charge?" *Id.* at 18. Appellant responded, "[k]nowingly, yes." *Id.*

Trial counsel explained at the hearing that the Commonwealth did not offer a plea of second-degree murder for Appellant. *Id.* at 27-28. He testified, "there were discussions about offering [Appellant's] brother second[-degree murder] in exchange for his cooperation. Second[-degree murder] was never on the table for [Appellant]." *Id.* at 28. Trial counsel further testified that the Commonwealth had notified him of its intent to seek the death penalty in Appellant's case, and his strategy was to avoid the imposition of the death penalty. *Id.* at 32-33.

> After the evidence came out, after I was able to review the evidence, the gravity and weight of the

evidence against [Appellant], I knew that the Commonwealth had a tremendous amount of evidence to convict him.

\* \* \*

There are certain death penalty cases where the Commonwealth seeks the death penalty and they're kind of grasping at straws. That was not the case here. So I knew he had a very high chance of getting the death penalty. Getting that off the table and getting a plea was of utmost importance.

*Id.* at 32-33.

Appellant also testified regarding his request for a direct appeal:

[Appellant's PCRA counsel:] You were sentenced on August 15th of 2013. Did you have any discussion before either of those dates with [trial counsel] in regards to appeal?

[Appellant:] On the date of July, [trial counsel] came and saw me at the prison, at Lancaster County, with the plea agreement and all that, and we talked about any motions for relief, for restitution and any other forms of relief I could get filed-wise in the courts.

Q. Okay. Now, that would have been before your sentence correct?

A. Yes.

\* \* \*

Q. After you were sentenced, did you speak with [trial counsel] at all in regards to this appeal?

A. I know we spoke, but I can't recall on exactly what it was.

Q. Do you recall what – I know you mentioned restitution, appeal about restitution. Do you recall any specific conversation you had with [trial

- 4 -

attorney] in regards to an appeal to the Superior Court, to a higher court about your sentence?

A. I can't recall exactly, but I can recall talking about it, that I have asked him that he file any paperwork that we can for relief and reconsiderations.

Q. Okay. And was anything ever filed on your behalf?

A. No.

*Id.* at 7-9.

When asked by the PCRA court what his expectation of counsel was following sentencing, Appellant explained he wanted trial counsel to file "any form of relief" on his behalf. *Id.* at 21. He further reiterated he wanted counsel to file, "[a]ny kind of motion for relief in sentencing, any basis of the whole case. Anything." *Id.* at 22.

Trial counsel testified as follows, with respect to Appellant's request to file a direct appeal.

> I explained to [Appellant] all along that, you know, by taking -- if we took a guilty plea, his appellate rights would be, you know, incredibly diminished. . . .
>
> * * *
>
> So we talked about the fact that if he did appeal -- or if he did plead guilty, there would be almost no basis whatsoever. Unless something went wrong in the courtroom here, there would be no basis for appeal.
>
> And that's, in fact, how it went down. We talked about that. We came in here and pled guilty. And I chatted with [Appellant] just afterward and

- 5 -

talked about, you know, appeal? Nah. I think that was his exact word, nah, n-a-h. There was no basis for an appeal, in my opinion, and he didn't see one.

*Id.* at 29.

Trial counsel further testified, in response to the PCRA court's inquiry, as follows.

Q. Did [Appellant] indicate to you any interest in filing an appeal for any reason?

A. No, Your Honor. No.

Q. Did you, at any time prior to receipt of this PCRA petition, have any indication from him contrary to that?

A. No. No, Your Honor.

*Id.* at 38.

On May 1, 2015, the PCRA court filed an order and accompanying opinion denying Appellant's petition. The court found Appellant understood at sentencing that he was entering a plea to first-degree murder, that he agreed to the Commonwealth's factual basis for the charge, and that it was Appellant's decision to plead guilty. PCRA Ct. Op., 5/1/14, at 6. Concerning trial counsel's failure to file an appeal, the PCRA court noted that Appellant and trial counsel offered conflicting testimony regarding whether or not Appellant requested trial counsel to file an appeal. *Id.* at 3. The court reasoned, however, Appellant's argument based on trial counsel's failure to file a requested appeal was meritless because Appellant conceded his

sentence was not subject to any meritorious challenge, and Appellant could not articulate any other specific relief to seek on appeal. *Id.* at 4.

On May 13, 2015, Appellant filed the instant, timely appeal. The PCRA court did not order compliance with Pennsylvania Rule of Appellate Procedure 1925(b). However, the PCRA court filed a statement pursuant to Rule 1925(a) referring this Court to its May 1, 2015 order and opinion for the reasons underlying its denial of Appellant's petition. PCRA Ct. Order, 8/27/15. On October 20, 2015, Appellant's PCRA counsel filed a *Turner*/*Finley* letter and application to withdraw as counsel. Appellant filed a *pro se* response on November 20, 2015.

Counsel identifies the following issues for our consideration.

> I. Whether the [PCRA] court erred in determining that Appellant's plea was not involuntary and induced due to a breached plea agreement and ineffective assistance of counsel[?]
>
> II. Whether trial counsel was ineffective for failing to file an appeal on behalf of Appellant[?]

*Turner*/*Finley* Brief at 4.[7] Additionally, Appellant argues, *pro se*, that trial counsel coerced Appellant into accepting a plea. Appellant's *Pro Se* Resp. at 2-3 (unpaginated).

On appeal from the grant or denial of PCRA relief, this Court examines whether the PCRA court's findings are supported by the record and free from

---

[7] We have reordered counsel's identified issues to reflect the order in which the arguments are presented in the *Turner*/*Finley* brief.

- 7 -

legal error. ***Commonwealth v. Walker***, 110 A.3d 1000, 1003 (Pa. Super.),

*appeal denied*, 125 A.3d 777 (Pa. 2015).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Id.*** (citation and internal quotation marks omitted).

We review counsel's petition to withdraw for compliance with the

following procedure.

> The ***Turner***/***Finley*** decisions provide the manner for postconviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those

issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. . . .

[T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. . . .

***Commonwealth v. Reed***, 107 A.3d 137, 140 (Pa. Super. 2014) (citations omitted).

Instantly, counsel has complied with all the procedural requirements of ***Turner/Finley***. We therefore proceed to an independent evaluation in order to determine if Appellant's issues are without merit. ***See Reed***, 107 A.3d at 140.

The first issue counsel identifies concerns Appellant's plea agreement. Specifically, Appellant asserts that his plea was not knowing or voluntary because the Commonwealth "breached" his plea agreement, and trial "counsel was ineffective for failing to follow through and investigate a plea offer by the Commonwealth whereby he was offered a plea agreement for second degree murder." ***Turner/Finley*** Brief at 13-14. We hold Appellant is not entitled to relief on this claim.

We observe, "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, if counsel's ineffectiveness caused a defendant to plead guilty involuntarily, the defendant is permitted to withdraw his guilty plea under the PCRA. **Id.**

In the instant case, Appellant conceded he entered his plea knowingly and did not dispute the voluntariness of his plea. N.T. PCRA Hr'g, at 15, 18. Moreover, assuming, *arguendo*, he saw an email[8] from the Commonwealth offering second-degree murder, Appellant testified he was aware of this offer in April, three months before he knowingly and voluntarily pleaded guilty to first-degree murder. **See id.** at 10. Appellant reiterated at the PCRA hearing he understood to what he was pleading guilty, and we discern no basis on which to grant Appellant relief.

Based on the foregoing, we conclude the PCRA court's findings are supported by the record, and Appellant has failed to carry his burden to demonstrate his plea was involuntarily induced. **See Walker**, 110 A.3d at 1003; **Rathfon**, 899 A.2d at 369. Therefore, we agree with counsel that this issue is without merit. **See Turner/Finley** Brief at 19-20; **Reed**, 107 A.3d at 140.

---

[8] Trial counsel testified, contrary to Appellant's claim, the Commonwealth never offered Appellant a plea to second-degree murder. N.T. PCRA Hr'g, at 28.

We next address the issue raised in Appellant's *pro se* response to counsel's **Turner**/**Finley** letter. Appellant argues, "[t]here simply was no benefit in this plea that counsel advised [Appellant to] take." Appellant's *Pro Se* Resp. at 3. He contends trial counsel coerced him into waiving his constitutional rights for "counsel's own interests." **Id.** at 2. We disagree.

As discussed above, Appellant's plea to first-degree murder was knowing and voluntary. Further, the record belies Appellant's contentions that counsel acted in his own interest and that the plea was of no benefit to Appellant. Counsel testified he believed there was a strong chance Appellant would receive the death penalty if convicted, in light of the Commonwealth's evidence and the gravity of the crime. N.T. PCRA Hr'g, at 32-33. Therefore, he determined it was in Appellant's best interest to negotiate a plea with the Commonwealth where the death penalty would not be sought. **Id.** at 29; **see also id.** at 25 ("My strategy from the inception was, number one, get the death penalty off the table."). Accordingly, Appellant has failed to demonstrate counsel's actions lacked an objectively reasonable basis, and his claim fails. **See Walker**, 110 A.3d at 1003.

The second issue counsel identifies is "trial counsel was ineffective for failing to file an appeal on [Appellant's] behalf." **Turner**/**Finley** Brief at 20. PCRA counsel reasons that Appellant is not entitled to relief on his claim because "[n]o appealable issues of merit exist and Appellant was unable to state any issue that should be addressed on appeal[.]" **Id.** at 21. She

relies, in part, on Appellant's admission that "he had no specific relief in mind" to support her position that Appellant's issue is meritless. *Id.*

In *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999), our Supreme Court discussed the impact the failure to file a direct appeal has in the context of seeking PCRA relief. The Court observed, "[s]ince the failure to perfect a requested appeal is the functional equivalent of having no representation at all, *Strickland*,[9] on its own terms, establishes the right to relief." *Lantzy*, 736 A.2d at 571 (citation omitted).

> Thus, we hold that, where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused of the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii).

*Id.* at 572 (footnote omitted).

In *Commonwealth v. Haun*, 32 A.3d 697 (Pa. 2011), a PCRA petitioner alleged in his petition and testified at his PCRA hearing that his counsel failed to file a direct appeal despite petitioner's explicit request to do so. *Haun*, 32 A.3d at 701. Trial counsel testified that he had explained to petitioner that he did not believe the trial court abused its discretion in the handling of petitioner's case and that petitioner never requested counsel to

---

[9] *Strickland v. Washington*, 466 U.S. 668 (1984).

file an appeal. *Id.* The PCRA court denied relief to petitioner without making a credibility determination regarding the disputed request for an appeal. *Id.* The court reasoned petitioner was not eligible for relief because he admitted guilt to the crimes for which he sought post conviction relief. *Id.* The Superior Court reversed the PCRA court, and our Supreme Court affirmed holding, "a concession of guilt does not, *per se*, foreclose prisoner access to the PCRA." *Haun*, 32 A.3d at 705. Importantly, the Supreme Court rejected the Commonwealth's claim that the PCRA hearing established petitioner did not request a direct appeal. *Id.* The Court noted, "the parties presented conflicting evidence on the subject and the PCRA court made no factual finding. In the circumstances, the Commonwealth cannot rely on a credibility judgment which does not exist[.]" *Id.*

Instantly, Appellant and trial counsel offered conflicting testimony regarding the request to file a direct appeal. *Compare* N.T. PCRA Hr'g, at 8, *with id.* at 38. PCRA counsel's explanation as to why Appellant's direct appeal argument is meritless is not relevant in light of our Supreme Court's analyses in *Lantzy* and *Haun*. *See Turner*/*Finley* Brief at 21. Further, the PCRA court acknowledged that trial counsel and Appellant offered conflicting testimony but made no factual finding as to whether the request in fact was made. PCRA Ct. Op., 5/1/14, at 3-4; *see Haun*, 32 A.3d at 705. Instead, it dismissed Appellant's petition because Appellant conceded the trial court had no discretion in imposing its sentence and Appellant could not articulate any

meritorious issues to raise on appeal. *Id.* Our Supreme Court's decisions in *Lantzy* and *Haun* compel us to conclude the PCRA court committed an error of law when it dismissed Appellant's petition without making a credibility determination on whether or not there was an unjustified failure by trial counsel to file a requested direct appeal. *See Walker*, 110 A.3d at 1003; *Haun*, 32 A.3d at 705; *Lantzy*, 736 A.2d at 572. Accordingly, we disagree with counsel's assessment of this issue and deny her petition to withdraw. *See Reed*, 107 A.3d at 140. We remand to the PCRA court for further proceedings, including making the credibility determination necessary to resolve Appellant's claim of ineffectiveness.

Order vacated. Petition to withdraw denied. Case remanded for further proceedings. Panel jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016