J-S21020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AARON WASHINGTON | |
| Appellant | No. 2991 EDA 2014 |

Appeal from the PCRA Order September 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0908521-1999

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 30, 2016**

Aaron Washington appeals from the order of the Court of Common Pleas of Philadelphia County dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court stated the facts and procedural history of this case as follows:

> On August 1, 1999, [Washington] was arrested and charged with first-degree murder, possession with intent to deliver a controlled substance (PWID), and the possession of an instrument of crime (PIC).  In April 2002, a trial was held in the presence of a jury.  On April 15, 2002, [Washington] was found guilty on all charges and sentenced by the Honorable Judge Pamela Pryor Dembe to a mandatory sentence of life in prison without the possibility of parole on the murder charge, 2-6 years'

_____

[*] Former Justice specially assigned to the Superior Court.

incarceration on the PWID charge, and 2 to 5 years' incarceration on the PIC charge. On April 25, 2002, [Washington] filed a Notice of Appeal to the Superior Court, which affirmed the judgment of sentence on April 21, 2003. On May 12, 2004, [Washington] filed a petition for relief pursuant to the PCRA. On May 27, 2005, [Washington's] petition was dismissed as untimely. On June 24, 2005, [Washington] appealed the dismissal of his PCRA petition to the Superior Court. On November 21, 2006, the Superior Court affirmed the dismissal of [Washington's] PCRA petition. On December 21, 2006, [Washington] filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which denied the petition on June 14, 2007.

On April 12, 2013, [Washington's] aunt, Veronica Nelson ("Nelson") visited him in prison for the first time since he was incarcerated. According to [Washington], Nelson told him that her brother, who was a Commonwealth witness against [Washington], recanted his testimony while on his deathbed in 2005. According to [Washington], Nelson was told by her brother, [Washington's] uncle, that [Washington] was not present when the victim in this case was killed and that he "felt bad for lying on [Washington]." [Washington] further claimed that his uncle told Nelson the identity of the person who shot and killed the victim. On the basis of this information, [Washington] filed a second petition for relief pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii) on May 28, 2013.

On February 20, 2014, James Lammendola, Esquire, was appointed PCRA counsel. On July 7, 2014, Mr. Lammendola filed a **Finley**[1] letter stating that the issues raised in [Washington's] PCRA petition were without merit. On August 5, 2014, this [c]ourt sent [Washington] a notice pursuant to [Pa.R.Crim.P.] 907, indicating that his petition would be dismissed due to a lack of merit. On August 21, 2014, [Washington] filed a response to the [Rule] 907 notice. On September 17, 2014, after review of [Washington's] *pro se* petition, PCRA counsel's **Finley** letter, and [Washington's] reply to the [Rule] 907 notice, this [c]ourt dismissed [Washington's] petition without a hearing as being

_____

[1] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

without merit. On October 10, 2014, [Washington] appealed this dismissal to the Superior Court.

PCRA Court Opinion, 12/8/14, at 1-3.

On appeal, Washington raises the following issues for our review, *verbatim*:

1. Whether the PCRA court erred when it dismissed [Washington's] claim of AFTER DISCOVERED "FACT," pursuant to 42 Pa.C.S. § 9545[(b)](1)(ii), based on a hearsay statement of recantation where the PCRA petition was dismissed without an evidentiary hearing to assess the credibility of [Washington's] witness?

2. Whether the hearsay statement of recantation has the indicia of reliability sufficient enough to be presented at a new trial for purposes beyond merely impeachment, considering the circumstances surrounding the case?

Brief of Appellant, at 4.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.**

All petitions under the PCRA, including second or subsequent petitions, must be filed within one year of the date the judgment becomes final, unless the petitioner alleges, and the petitioner proves, an exception to the one-year time bar. **Commonwealth v. Hawkins**, 953 A.2d 1248, 1251 (Pa.

2008). The exceptions apply where the petitioner successfully alleges and proves one or more of the following:

> (i) the failure to raise this claim previously was the result of interference by government officials with presentation of the claim in violation of the constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).

A petition invoking one of these exceptions must be filed within 60 days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). The petitioner must plead and prove specific facts that demonstrate his claim was raised within the 60 day time frame. *Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (2013).

Here, Washington's judgment of sentence became final on or about May 21, 2003, when the time within which to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). The instant petition was filed on May 28, 2013, more than ten years after Washington's judgment of sentence became final. Accordingly, the PCRA court lacked jurisdiction to consider Washington's petition unless he pled and proved one of the exceptions to the time bar.

Here, Washington invokes the newly-discovered-fact exception to the time bar pursuant to section 9545(b)(1)(ii). Specifically, Washington claims that, on April 12, 2013, his aunt, Veronica Nelson, informed him that her brother, a Commonwealth witness at Washington's trial, had recanted his testimony to her on his death bed. The witness allegedly told Nelson that he had not actually been present at the time the victim was killed and also told her the identity of the actual killer. Washington claims this information was unknown to him at the time of trial and could not have been ascertained by the exercise of due diligence. Because he filed his petition within 60 days of obtaining the information, Washington asserts his petition should be treated as timely filed.

To obtain relief of after-discovered evidence, the defendant must demonstrate that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008). The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010). As a general matter, recantation evidence is, "notoriously unreliable, particularly where the witness claims to have committed perjury."

*Commonwealth v. D'Amato*, 856 A.2d 806, 835 (Pa. 2004), quoting

*Commonwealth v. Dennis*, 715 A.2d 404, 416 (Pa. 1998).

Here, Washington asserts that the after-discovered evidence, although hearsay, is admissible as a statement against penal interest[2] pursuant to Pa.R.E. 804(b)(3). A statement against penal interest is one that:

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Pa.R.E. 804(b)(3).

_____

[2] In the PCRA court, Washington also asserted that the statement was admissible as a dying declaration, a claim which the PCRA court properly concluded was meritless. "A statement may be considered a dying declaration, and hence admissible notwithstanding its hearsay attributes, if the declarant identifies his attacker, the declarant believes he is going to die, that death is imminent, and death actually results." *Commonwealth v. Griffin*, 684 A.2d 589, 592 (Pa. Super. 1996). Dying declarations are statements made by the deceased *concerning the circumstances of his injuries* and are admissible *in the trial of a person accused of killing him*. *Commonwealth v. Knable*, 85 A.2d 114, 116 (Pa. 1952). Here, the declarant's statements did not concern the circumstances of his own death. As such, the dying declaration exception to the hearsay rule is inapplicable. Indeed, Washington acknowledged this fact by abandoning this claim on appeal. *See* Brief of Appellant, at 15 ("[A]ppellant concede[s] that his previous claim of the statement being a 'Dying Declaration' was misplaced[.]").

Declarations against penal interest are admissible as an exception to the hearsay rule only where there are existing circumstances that provide clear assurances that such declarations are trustworthy and reliable. ***Commonwealth v. Yarris***, 731 A.2d 581, 591 (Pa. 1999). A statement made by a defendant's relative must be closely scrutinized for motive to fabricate the confession. ***Padillas***, 997 A.2d at 366.

Here, the circumstances surrounding the statement made by Washington's uncle do not provide the indicia of reliability and trustworthiness necessary to permit its admission as a statement against penal interest. First, the alleged declarant and the witness to the declarant's statement were both Washington's relatives, which provided them with a clear motive to fabricate an exculpatory statement. Second, the declarant allegedly made the statement on his deathbed. As such, he would have had little, if any, concern that he would ever be prosecuted for perjury as a result of his recantation. In short, the evidence Washington sought to present does not satisfy the trustworthiness requirements of Rule 804(b)(3)(B) and is, therefore, inadmissible hearsay. Because a claim based on inadmissible hearsay does not implicate the exception to the time bar under section 9545(b)(1)(ii), ***see Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1269 (Pa. 2008), Washington's petition is untimely. Accordingly, the

- 7 -

PCRA court lacked jurisdiction to consider his claims[3] and properly dismissed it.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016

_____

[3] Although the PCRA court dismissed Washington's petition as "without merit," we may affirm the court's order on any basis. **Commonwealth v. Reed**, 107 A.3d 137, 144 (Pa. Super. 2014).