J-S60025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA B. BRIDGETT | |
| Appellant | No. 3082 EDA 2015 |

Appeal from the PCRA Order September 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013148-2008
CP-51-CR-0013149-2008

BEFORE: SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 17, 2016**

Joshua B. Bridgett appeals from the order entered September 22, 2015, in the Philadelphia County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Bridgett seeks relief from an aggregate term of 11½ to 23 months' imprisonment, and a consecutive term of eight years' probation, following his guilty plea to two counts of burglary.[2]  On appeal, Bridgett

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. § 3502(a).  Bridgett entered a plea to one count of burglary at two separate dockets, Docket No. 13148-2008 and Docket No. 13149-2008.

contends the PCRA court abused its discretion in dismissing his claim asserting the ineffective assistance of plea counsel without first conducting an evidentiary hearing. For the reasons below, we affirm.

The facts underlying Bridgett's guilty plea are aptly summarized by the PCRA court as follows:

> Complainant was [Bridgett's] paramour and they lived together on and off for several years and have twin daughters. They had a tumultuous relationship resulting in several domestic disputes and multiple calls to the police. In 2008 Complainant moved from [Bridgett's] residence to a homeless shelter and was later placed into an apartment at [] Oxford Avenue, Philadelphia, PA. Her two children were in the primary custody of [Bridgett], however she was given the right to visit with them on weekends.
>
> On September 30, 2008, [at] approximately 3:34 AM, Complainant was awakened by [Bridgett] who had gained entrance into her apartment without her knowledge or consent, and he had nonconsensual sexual contact with her. Thereafter, Complainant reported the sexual assault to Dan Lodise, a counselor at the shelter where Complainant previously resided, whereupon she was transported to Episcopal Hospital where she was examined and found positive for the presence of spermatozoa.
>
> On October 5, 2008 Lodise was staying with Complainant and asleep in her apartment when he was awakened and found [Bridgett] inside the residence. Lodise confronted [Bridgett] whereupon [Bridgett] fled.

PCRA Court Opinion, 2/9/2016, at 2-3 (record citations omitted).

Bridgett was subsequently arrested and charged with burglary, involuntary deviate sexual intercourse, sexual assault, and related offenses,[3]

---

[3] **See** 18 Pa.C.S. §§ 3502, 3123, and 3124.1, respectively.

for the incident that occurred on September 30, 2008, at Docket No. 13148-2008. He was also charged with burglary and criminal trespass,[4] for the incident that occurred on October 5, 2008, at Docket No. 13149-2008. On July 15, 2009, after jury selection was completed, Bridgett entered an open guilty plea to two counts of burglary, one at each docket, in exchange for which the Commonwealth withdrew the remaining 11 charges, including all of the sexual assault offenses.

On October 14, 2009, Bridgett filed a pre-sentence motion to withdraw his guilty plea, asserting he was not guilty of the charges and he entered a plea only because he was scared of the impending trial. The trial court conducted a hearing on December 8, 2009, and denied Bridgett's motion. The same day, the court sentenced Bridgett to two concurrent terms of 11½ to 23 months' incarceration, with credit for time served, followed by eight years' probation. He was immediately paroled to house arrest with electronic monitoring. *See* N.T., 12/8/2009, at 55.

Bridgett filed a timely direct appeal to this Court, asserting the trial court erred in denying his pre-sentence motion to withdraw his guilty plea, as well as the ineffectiveness of plea counsel. A panel of this Court affirmed the judgment of sentence,[5] and the Pennsylvania Supreme Court denied his

_____

[4] *See* 18 Pa.C.S. §§ 3502 and 3503, respectively.

[5] Specifically, the panel found the trial court did not abuse its discretion in denying Bridgett's pre-sentence motion to withdraw his plea. However, the
*(Footnote Continued Next Page)*

petition for review. *See Commonwealth v. Bridgett*, 24 A.3d 556 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 27 A.3d 222 (Pa. 2011).

On August 16, 2012, Bridgett filed a timely *pro se* PCRA petition, listing both docket numbers. Counsel was subsequently appointed, and filed an amended petition on December 5, 2013, asserting plea counsel was ineffective for causing Bridgett to enter an involuntary and unknowing plea. On August 31, 2015, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Thereafter, on September 22, 2015, the court entered an order dismissing Bridgett's petition, and this timely appeal followed.[6]

Bridgett raises two, related issues on appeal. He contends the PCRA court erred in (1) dismissing his petition without conducting an evidentiary hearing, and (2) denying his claim that plea counsel's ineffectiveness caused him to enter an unknowing and involuntary plea. *See* Bridgett's Brief at 13-18.

_(Footnote Continued)_ ————————

panel deferred his claim of plea counsel's ineffectiveness until collateral review. *See Commonwealth v. Bridgett*, 24 A.3d 556 (Pa. Super. 2011) (unpublished memorandum at 3-6).

[6] On November 3, 2015, the PCRA court ordered Bridgett to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Bridgett complied with the court's directive, and filed a concise statement on November 5, 2015.

Our review of an order dismissing a PCRA petition is well-established: we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Furthermore, a petitioner is not entitled to an evidentiary hearing, and a PCRA court may decline to hold a hearing "if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation omitted).

Where, as here, the petitioner alleges the ineffectiveness of prior counsel in conjunction with a guilty plea, our review is as follows:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on

- 5 -

whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Willis*, 68 A.3d 997, 1001-1002 (Pa. Super. 2013),

*quoting* *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012)

(citations, quotation, and quotation marks omitted). Furthermore, we note:

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Commonwealth v. Curry*, ___ A.3d ___, ___, 2016 WL 5885409, at *4

(Pa. Super. September 12, 2016) (quotation omitted).

Here, Bridgett argues the PCRA court erred in dismissing his ineffectiveness claim without first conducting an evidentiary hearing because, he asserts, the facts alleged in his petition, if proven, would entitle him to relief. *See* Bridgett's Brief at 13-14. Specifically, he claims plea counsel "unlawfully induced" him to plead guilty to charges for which he had a valid defense by: (1) telling him "had no defense to the charges against him;" (2) "fail[ing] to discuss trial strategy with [him;]" (3) presenting a plea offer at the last minute and threatening a long prison sentence if Bridgett rejected the plea; and (4) telling Bridgett counsel "would quit if [Bridgett] did not plead guilty and fail[ing] to explain why it was in [his] best interest to plead guilty." *Id.* at 15. Although Bridgett acknowledges he "never told the judge his concerns," he states he failed to do so because he was "afraid." *Id.* at 16.

- 6 -

Bridgett contends this claim has arguable merit because he "continually asserted his innocence" to counsel, and "it seems evident that his guilty plea was not only against his better judgment, but also induced by the more overpowering collective will of his trial counsel." *Id.* at 16, 17. Bridgett also maintains counsel had no reasonable basis for forcing him to enter the guilty plea, "especially when there was an excellent defense available."[7] *Id.* at 17. Finally, Bridgett insists he suffered "actual prejudice" in that "[h]ad [he] been able to try the matter before a jury, a decision of innocence may have arguably been found by a jury." *Id.*

Here, the PCRA court found Bridgett's statements at his guilty plea hearing belied his claims on appeal.[8] The court explained:

> [Bridgett] stated that he understood the nature of the facts and charges against him and that he wished to plead guilty. [Bridgett] signed a Written Guilty Plea Colloquy attesting to his understanding, knowing, and voluntary offer to plead guilty. When [Bridgett] was asked if he agreed that the colloquy form stated his rights and the rights he was waiving, [he] responded in the affirmative; when he was asked if he was forced or

_____

[7] Bridgett does not identify any specific defense in his brief, but rather, simply asserts his innocence.

[8] We note the PCRA court also stated it dismissed his claim because this Court, on direct appeal, rejected Bridgett's argument that his plea was "offered involuntarily and unknowingly." PCRA Court Opinion, 2/9/2016, at unnumbered 5. However, on direct appeal, we deferred Bridgett's ineffectiveness claim until PCRA review. Nevertheless, "we may affirm the PCRA court's order on any basis." *Commonwealth v. Reed*, 107 A.3d 137, 144 (Pa. Super. 2014).

threatened in any way to plead guilty he responded no; and when asked if he was satisfied with his lawyer, he responded yes. [Bridgett] has failed to plead and demonstrate any basis for PCRA relief.

PCRA Court Opinion, 2/9/2016, at unnumbered 5.

As noted above, "[a] defendant is bound by the statements made during the plea colloquy, and … may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013). Here, our review is hampered by Bridgett's failure to include the transcript from the July 15, 2009, guilty plea hearing in the certified record. It is the appellant's burden to "identify and order that which he deems necessary to prosecute his appeal." ***Commonwealth v. Lesko***, 15 A.3d 345, 410 (Pa. 2011). ***See also*** Pa.R.A.P. 1911. Therefore, the omission of the guilty plea transcript falls squarely on Bridgett, particularly where, as here, this Court alerted him that the transcript was missing from the record on direct appeal. ***See Bridgett***, ***supra***, 24 A.3d 556 (unpublished memorandum at 3-4). Bridgett has offered no explanation for the lack of a transcript,[9] and, accordingly, this claim is waived. ***See*** Pa.R.A.P. 1911(d).

_____

[9] ***See Lesko***, ***supra***, 15 A.3d at 410 (explaining petitioner may be absolved of responsibility for missing transcript if he can show he made a request for transcript, but request was "erroneously denied").

Nonetheless, even if we were to consider only his signed written guilty plea colloquy, which is included in the certified record, Bridgett is entitled to no relief. Indeed, in the colloquy, Bridgett averred, *inter alia*:

> Nobody promised me anything or threatened me or forced me to plead guilty. I, myself, have decided to plead guilty. I know what I say today is final.
>
> * * * *
>
> I am satisfied with the advice and service I received from my lawyer. My lawyer spent enough time on my case and I had enough time to talk with my lawyer about the case. My lawyer left the final decision to me and I decided myself to plead guilty.

Written Guilty Plea Colloquy, 7/15/2009, at 1, 3. Because the record before us supports the PCRA court's determination that Bridgett entered his plea knowingly and voluntarily, he is entitled to no relief, and the PCRA court did not abuse its discretion in declining to conduct an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2016