J-S76015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| PELO H. GARCIA | | No. 305 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0746321-1991

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED APRIL 11, 2018**

Pelo Garcia appeals the order denying his second petition filed under the

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Additionally,

Garcia's counsel, J. Matthew Wolfe, Esquire, has filed a petition to withdraw

from representation[1] and a brief pursuant to **Anders v. California**, 386 U.S.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court appointed Attorney Wolfe who later filed an amended petition. In its order dismissing the amended petition the court stated, "Petitioner was not entitled to the appointment of counsel in a second or subsequent PCRA proceeding." Order, 12/21/16. And the court permitted counsel to withdraw. **See id**. Despite the language in the order, Attorney Wolfe filed a notice of appeal and seeks to withdraw in this Court. As discussed in this summary decision, we will permit withdrawal.

738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[2] We affirm the order and grant Attorney Wolfe leave to withdraw.

Garcia filed his *pro se* second PCRA petition on June 28, 2012—17½ years after his judgment of sentence became final.

The timing of a petition "is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." **Commonwealth v. Whitney**, 817 A.2d 473, 478 (Pa. 2003) (citations omitted). A petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Counsel has identified one argument Garcia believes constitutes a valid exception to the time bar and entitles him to relief: that Garcia filed his *pro*

---

[2] The dictates of **Anders** apply only on *direct* appeal, not on *collateral* review. Counsel files an **Anders** brief on direct appeal when he determines the appeal is "wholly frivolous." **Id**., at 744. When counsel seeks to withdraw from representation on collateral appeal, the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), apply and counsel files a "no-merit" letter. We, however, may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no-merit" letter because an **Anders** brief provides greater protection to a defendant. **See**, **e.g.**, **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We will regard the **Anders** brief as a **Turner**/**Finley** brief.

Attorney Wolfe has complied with all of the requirements of **Anders** as articulated in **Santiago**. **See** 978 A.2d at 361. Additionally, he confirms he sent a copy of the **Anders** brief as well as a letter explaining to Garcia that he has the right to proceed *pro se* or the right to retain new counsel. Counsel has appended a copy of the letter to his petition to withdraw as counsel. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010).

*se* petition within 60 days of "learning about" the Supreme Court's decision in ***Lafler v. Cooper***, 566 U.S. 156 (2012), thus satisfying § 9545(b)(1)(iii). We agree with counsel that this issue has no merit.

***Lafler*** did not create a new constitutional right. ***See Commonwealth v. Feliciano***, 69 A.3d 1270, 1277 (Pa. Super. 2013). The decision "simply applied the Sixth Amendment right to counsel, and the ***Strickland*** test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment." ***Id***. Thus, it cannot be relied on to satisfy the timeliness exception of § 9545(b)(1)(iii). ***See id***.

After examining the issues contained in the brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal fails to raise an issue of merit.[3]

Order affirmed. Petition to withdraw as counsel granted.

---

[3] The Legislature provided a one-year grace period (January 16, 1996–January 16, 1997) to *first-time* PCRA petitioners whose judgments of sentence became final prior to the effective date of the amended Act. ***See Commonwealth v. Alcorn***, 703 A.2d 1054 (Pa. Super. 1997). The grace period does not apply here.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/18