J-S57017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
           Appellee  :
      v.  :
:
WINSTON MCPHERSON  :
:
          Appellant  :
:  No. 3356 EDA 2017

Appeal from the PCRA Order September 19, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0409911-1995

BEFORE:  PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:  **FILED NOVEMBER 06, 2018**

Appellant, Winston McPherson, appeals *pro se* from the order dismissing his third petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely.  We affirm.

A jury convicted Appellant of first-degree murder and possession of an instrument of crime for the fatal shooting of Kenroy Daley outside a West Philadelphia restaurant in 1993.[1]  The trial court sentenced him to life imprisonment for the murder followed by a five-year probationary term for the weapons offense.  This Court affirmed on August 15, 1997.  Appellant did not seek review with our Supreme Court.

---

[1] After the shooting, Appellant fled Pennsylvania, but was apprehended a year later in New Jersey.

---

*   Retired Senior Judge assigned to the Superior Court.

There is no dispute that Appellant's judgment of sentence became final on September 15, 1997. Accordingly, he had until September 15, 1998 to file a timely petition. He filed this third petition on June 27, 2016, almost eighteen years too late. The PCRA court dismissed Appellant's third petition, after proper notice, on September 19, 2017. This appeal followed.

Appellant presents two overlapping questions for our review, which we reproduce verbatim except for the omission of unnecessary capitalization:

> I. Whether (in) reviewing the (property) [sic] of the (PCRA) court's dismissal of Appellant's PCRA filing, it was an abuse of discretion for the (PCRA) court to determine that it was untimely . . . (sic) where the petition was timely filed under title 42 [Pa.C.S.A.] §§9545(b)(1) (ii) & (iii) and §9545(b)(2), because newly discovered facts were presented and newly recognized constitution rights were enacted by the United States Supreme Court [sic] applying to Appellant retroactively?

> II. Whether the PCRA court erred and denied Appellant his federal and state constitutional rights to due process of law by dismissing Appellant's second/subsequent PCRA petition without an evidentiary hearing and appointment of counsel. . . where Appellant raised substantial questions of disputed facts regarding the timeliness of his second/subsequent PCRA petition?

(Appellant's Brief, at 4).

Our standard and scope of review for PCRA claims are well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the

petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Reed,*** 107 A.3d 137, 140 (Pa. Super. 2014) (citation

omitted). Additionally,

> [T]he time limitations pursuant to . . . the PCRA are jurisdictional. [Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

***Id.*** at 140–41 (citations omitted).[2]

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court

---

[2] The three exceptions to the PCRA time-bar are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1) (i-iii).

> may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. . . . Pa.R.A.P. 2101.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (case citation omitted).

Here, before we may consider the merits of Appellant's claims, we must first determine whether the PCRA court correctly concluded that because Appellant's third PCRA petition was not filed within the time limits required by the PCRA, or pleaded and proved one of the three statutory exceptions to the PCRA time bar, the court lacked jurisdiction to consider the petition.

As noted, the timeliness of a post-conviction petition is jurisdictional. *See Reed*, *supra* at 140-41. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute. In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2).

In this appeal, Appellant candidly concedes his petition is untimely on its face. (*See* Appellant's Brief, at 8). However, he claims two exceptions to the PCRA time bar: newly discovered facts, and newly recognized constitutional law. (*See id.* at 8-16).

Most notable among a variety of procedural and substantive defects, Appellant's instant third PCRA petition raises claims already raised in his second petition. (*See Commonwealth v. McPherson*, No. 1102 EDA 2015, unpublished memorandum at *4 (Pa. Super. filed November 4, 2015), *appeal denied*, 135 A.3d 584 (Pa. 2016)). Therefore, not only are Appellant's claims (of ineffectiveness of plea counsel) previously litigated, they fail to establish "**newly** discovered facts."

Similarly, Appellant's claim that his allegation of ineffective assistance of plea counsel represented a newly recognized constitutional right pursuant to *Lafler v. Cooper*, 566 U.S. 156, 175 (2012) and *Missouri v. Frye*, 566 U.S. 134, 140 (2012), was also previously litigated, and rejected by this Court. (*See McPherson*, *supra* at *5).

Accordingly, Appellant has failed to establish a cognizable exception to the PCRA time-bar. The PCRA court properly dismissed Appellant's third petition as untimely with no exception to the time-bar pleaded and proven.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/18

- 5 -