J-S59038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE LIVINGSTON | : | |
| | : | |
| Appellant | : | No. 541 EDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0231281-1986

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED FEBRUARY 19, 2020**

George Livingston appeals *pro se* from the denial of his fourth Post Conviction Relief Act ("PCRA")[1] petition as untimely. He claims that the PCRA court erred in finding that he failed to plead and prove applicability of the newly recognized constitutional right exception to the PCRA time-bar, and should have granted him relief on the merits for his ineffective assistance of counsel claim. We affirm.

In 1986, Livingston was convicted of first-degree murder and related offenses and given a life sentence. This Court affirmed on direct appeal, and our Supreme Court denied allowance of appeal on July 2, 1990. He did not seek review in the United States Supreme Court.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

After three unsuccessful PCRA petitions, Livingston filed the instant petition, his fourth, on September 17, 2014.[2] On September 25, 2018, the PCRA court issued notice of its intent to dismiss the petition as untimely. The court then dismissed the petition and this timely appeal followed.

Livingston raises four issues on appeal.

 I. Whether post conviction court was in err[or] to dismiss Appellant's PCRA petition as untimely[?]

 II. Whether trial counsel should have been held to be ineffective for not communicating plea offer to Appellant, that the prosecution was willing to accept for the Appellant to plead guilty to a lesser degree of homicide [than] one of first degree murder[?]

 III. Whether trial counsel should have been held to be ineffective for failing to advise the Appellant to accept the plea offer by the prosecution for the Appellant to plead guilty to a lesser degree of homicide [than] one of first degree murder[?]

 IV. Whether the petitioner's mandatory minimum/maximum life sentence should be vacated, because it is in violation of the United States and federal constitutional laws, and or thereby void[?]

Livingston's Brief, at 4 (unnecessary capitalization omitted).

Our standard of review is well settled. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is

---

[2] After filing his petition, Livingston filed several motions for leave to amend, together with amended petitions. *See* Motion for Leave, 3/21/16; Motion for Leave, 8/19/16; and Motion for Leave, 7/19/18. However, nothing in the certified record or on the docket indicates that the PCRA court granted him leave to amend his petition. Pennsylvania Rule of Criminal Procedure 905(a) requires leave of court to submit an amended petition. *See* Pa.R.Crim.P. 905(a); *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa.Super. 2012). Therefore, we will only consider the petition filed September 17, 2014.

supported by the record and free of legal error." ***Commonwealth v. Smith***, 181 A.3d 1168, 1174 (Pa.Super. 2018) (citation omitted). While we are generally bound by a PCRA court's credibility determinations, we apply a *de novo* standard of review to the court's legal conclusions. ***See id.***

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Here, our Supreme Court denied Livingston's petition for allowance of appeal on July 2, 1990. Therefore, his judgment of sentence became final on October 1, 1990, when the 90-day period for filing a petition for writ of *certiorari* with the United States Supreme Court expired.[3] ***See*** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Livingston was required to file his PCRA petition by October 1, 1991. Because his instant petition was filed September 17, 2014, it is patently untimely.

However, Pennsylvania courts may consider a PCRA petition filed more than one year after the judgment of sentence became final if the appellant

---

[3] September 30, 1990, the ninetieth day, was a Sunday. Therefore, the judgment of sentence became final the following Monday, October 1, 1990. ***See*** 1 Pa.C.S.A. § 1908.

pleads and proves one of the exceptions to the PCRA's one-year time-bar. The PCRA provides three exceptions to its time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).[4] The petitioner must plead any exception to the time-bar in the petition, and cannot raise an exception for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super. 2007).

In his petition, Livingston invokes the newly recognized and retroactively applicable constitutional right exception. He claims that *Missouri*

_____

[4] On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. Importantly, the amendment applies only to claims arising on or after December 24, 2017. *See id.* Here, Appellant filed his petition before that date, on September 17, 2014. As a result, the 60-day period applies.

*v. Frye*[5] announced a newly recognized constitutional right, which he argues applies retroactively to his case based on *Montgomery v. Louisiana*.[6]

> When a petition is otherwise untimely, to obtain PCRA relief under the exception for a newly recognized constitutional right, a petitioner has the burden to plead and prove that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Commonwealth v. Reed*, 107 A.3d 137, 141 (Pa.Super. 2014) (citation, quotation marks, and emphases omitted).

Contrary to Livingston's contention, this Court has explicitly held that *Frye* did not create a new constitutional right. *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1277 (Pa.Super. 2013). Rather, it "simply applied the Sixth Amendment right to counsel, and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand[.]" *Id.* Accordingly, Livingston has failed to prove that the newly recognized constitutional right exception applies. *See Reed*, 107 A.3d at 141.

---

[5] *Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused").

[6] *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (holding that when new substantive rule of constitutional law controls outcome of case, state collateral review courts are required to give retroactive effect to that rule).

Livingston's fourth petition does not plead or prove any exception to the PCRA's time-bar.[7] Therefore, the PCRA court properly dismissed it as untimely. Neither the PCRA court nor this Court has jurisdiction to address the substantive claims raised.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/20

---

[7] Although Livingston asserted other grounds under which he argued he was entitled to application of an exception to the PCRA time-bar, he made such assertions in supplemental and amended petitions filed without leave of court. A PCRA petitioner must seek leave of court to supplement a PCRA petition, and claims raised in an unauthorized supplemental petition are waived. **See Commonwealth v. Reid**, 99 A.3d 427, 437 (Pa. 2014) ("This Court has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and has held that such claims raised in such supplements are subject to waiver"). Because Livingston did not have leave of court to file his amended petitions, he has waived those claims.